### H. P. AUSTIN v. WILLIAM CAMERON & CO.

#### No. 6894.

1. **Venue—Trespass—Case Adhered to.**—Ricker, Lee & Co. v. Shoemaker, 81 Texas, 22, adhered to, that subdivision 8 in article 1198 of the Revised Statutes does not apply where the cause of action resulted from a mere omission to do a duty; such omission is not a *trespass*, etc. The venue in such case is the residence of the defendant.

2. **Crime—Negligent Homicide.**—Suit by Austin for benefit of himself and others interested against Cameron & Co. for damages for the death of his wife and child. The defendants owned and operated a ferry. Plaintiff's wagon, in which were his wife and child, was driven upon the ferry boat of defendants. While entering it the rope securing the boat broke, causing the engulfing of wagon and contents. It was alleged that the defendants solicited custom for the ferry, and undertook to carry plaintiff's wagon, etc., safely across the stream. It was charged generally that willful neglect caused the death, etc. Suit in county where the accident happened. The defendants resided in another county, and pleaded their privilege to be sued at their residence. *Held*, while the act complained of might be considered as negligent homicide, yet as it was not alleged that the defendants were personally present and participating in the act, the petition is insufficient, as no accomplices can exist in such offense. Penal Code, art. 95.

APPEAL from Mills. Tried below before Hon. W. M. BLACKBURN. No statement is necessary.

*Fisher & Ward* and *Allison & Rector*, for appellant.—The court erred in sustaining defendants' exceptions to the jurisdiction of the court and in dismissing plaintiff's cause of action, because it appeared from plaintiff's petition that defendants had committed a trespass for which a civil action for damages would lie in the county of Mills, for which

trespass this suit was brought. The District Court of Mills County therefore had jurisdiction. Rev. Stats., art. 1198, subdivs. 8, 21; Rev. Stats., art. 1199; Cook v. Hartsman, 2 Ct. App. C. C., sec. 770; Towner v. Sayre, 4 Texas, 28; Kellers v. Reppien, 9 Texas, 445; Armendiaz v. Stillman, 54 Texas, 631; Illies v. Knight, 3 Texas, 312; Jones v. Cortes, 17 Cal., 487; Goulett v. Assele, 22 N. Y. (8 Smith), 225; Mathews v. McPherson, 65 N. C., 189; Blin v. Campbell, 14 Johns., 433; Percival v. Hensky, 18 Johns., 288.

*Alexander & Winter*, for appellees.—The court did not err in sustaining appellees' exception to the jurisdiction of the Mills County District Court, because the residence of defendants was shown by plaintiff's petition to be in McLennan County, and no facts were alleged which would entitle plaintiff to sue in Mills County. Waterm. on Tres., p. 1; Sayles' Civ. Stats., art. 1198, sec. 8, note 2; Cahn Bros. v. Bonnett, 62 Texas, 676; Railway v. Mangum, 68 Texas, 348; McRea v. McWilliams, 58 Texas, 332; Illies v. Knight, 3 Texas, 312; Robertson v. Ephraim, 18 Texas, 123.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the appellant, in behalf of himself and of other parties having an interest, to recover of appellees damages for the death of his wife and child.

The defendants were alleged to be partners composing the firm of William Cameron & Co., and to be residents of McLennan County. The suit was instituted in Mills County. The defendants claimed the privilege of being sued in the county of their residence, by special exception to the petition. The exception was sustained and the suit was dismissed. The plaintiff excepted to the action of the court, and now assigns the ruling as error.

The facts alleged in the petition as grounds for the action, briefly stated, are in substance as follows: That the defendants were operating a ferry at a crossing upon the Colorado River where it is the dividing line between Mills and San Saba counties, as lessees of a corporation duly organized and authorized to maintain a ferry at that place; that the plaintiff for the purpose of crossing the stream approached it with a two-horse wagon, which contained his wife and children; that at the solicitation and request of defendants he drove his team down the bank for the purpose of entering the ferry boat, but that when the horses had got upon the boat, the rope by which it was attached to the land broke and caused the wagon to be precipitated into the river, and the wife and child of the plaintiff to be drowned. It was alleged that the rope became rotten through the negligence of the defendants; that they had negligently failed to make safe approaches and secure fastenings so that the passage of the river could

be effected with safety, and that notwithstanding this they undertook to ferry the wife, children, wagon, and horses across the stream; and thereby caused the injury for which the plaintiff sues. The negligence in the particulars complained of is alleged to be gross, and it is also alleged that the death of the wife and child was caused by reason of "the willful acts and omissions and gross negligence" of the defendants; but no willful acts are averred, except the request to cross the river and the undertaking on part of defendants to ferry the plaintiff, with his wagon, team, and family, over the stream.

The question is, Does the action fall within the eighth exception to the general rule of the statute, which provides, that "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile," except in certain specified cases? That exception provides, that "Where the foundation of the action is some crime, offense, or trespass for which a civil action in damages will lie, * * * the suit may be brought in the county where such crime, offense, or trespass was committed." Appellant contends only, that the action set up in the petition is a "trespass" within the meaning of the section. The brief of the appellee is in answer to that contention. That question we do not regard as an open one in this court. We have recently considered the question in two cases—Hill v. Kimball, 76 Texas, 210; Ricker v. Shoemaker, 81 Texas, 22. The former case gave us much trouble, and was held under consideration for a long time. The difficulty, however, was not mainly upon the question of venue. But upon that question we held, that the word "trespass" as used in the statute under consideration was not intended to be taken in its strictest technical sense, but that it embraced also suits which were known to the common law as actions of trespass on the case. The latter case (Ricker v. Shoemaker) more nearly resembled the case before us. In that case, as in this, the cause of action was founded upon an omission to do a duty, and not upon an act committed; and we then held, that the foundation of the suit was not a trespass as that word is used in the statute under consideration. In the opinion then delivered we deemed it proper to define the meaning of the word more accurately than was done in the case first cited, and to qualify some expressions found in the former opinion. We see no good reason for departing from the rule laid down in Ricker v. Shoemaker, and it is decisive upon the proposition that the cause of action set forth in the opinion before us is not a trespass in the sense in which that word is employed in that article of the Revised Statute which prescribes the venue of suits against an inhabitant of the State who has a domicile in a particular county. The court below did not err in so holding.

It has occurred to us, however, that the facts alleged in the petition may possibly show an offense within the meaning of that word as used

in the exception in the statute. It has been held, that "offense" as there used means an offense punishable by law. If the defendants, under the facts alleged, could be held guilty of any offense it would be of negligent homicide. That question we do not consider it necessary to decide, though we may say we have very grave doubts whether the facts alleged constitute that offense as defined in our Penal Code. But however that may be, it does not appear by the petition whether the defendants did the acts alleged by themselves in person or by agents. It is true that it is averred that they solicited the plaintiff to cross the river and undertook to ferry his wagon and team with his family over the stream. But under these averments it would have been competent for the plaintiff to prove upon the trial that in soliciting the plaintiff they acted through agents. Such is the legal effect of the averments, and they admit of the construction either that the acts complained of were acts performed by the defendants in person or that they were performed by their agents. Now there can be no accomplice to the offense of negligent homicide (Penal Code, art. 85); and hence if the acts complained of were the acts of defendants' ferryman or other agents they are not guilty of the offense, even should it be admitted that the petition shows an offense committed by any one. A party can not be deprived of his right to be sued in the county of his domicile by a petition which does not bring the case clearly within some one of the exceptions specified in the statute. Upon exception to a pleading, doubtful allegations are construed against the pleader. If the plaintiff had desired to show that the defendants had committed an offense, with a view to giving jurisdiction to the District Court of Mills County, they should have averred affirmatively that the defendants acted in person and not by agents. It may be that the evidence would not have accorded with the allegation. Counsel for appellant in fact have not contended that the venue could be sustained upon this ground. They have filed an able brief and argument in support of the proposition that the cause of action alleged was a trespass in the sense of the statute, but have not raised the point that the allegation of the petition showed a penal offense.

There was no error in sustaining the exception to the petition, and the judgment is therefore affirmed.

*Affirmed.*

Delivered January 22, 1892.