### J. L. BALDWIN v. ELLIS RICHARDSON.

Decided May 6, 1905.

**1.—Venue—Trespass—Injury to Cattle.**

Where plaintiff was induced to place his cattle in defendant's pasture by the latter's false representations that his cattle therein were free from disease, and plaintiff's cattle contracted splenetic fever from those of defendant, an action for the damages so caused was one founded on a trespass, if not also on a violation of the penal statutes (White's Penal Code, article 824c), and the action was therefore properly brought in the county where the injury occurred, although the defendant resided elsewhere. (Rev. Stats., art. 1194, sub. div. 9.)

**2.—Same—Plea of Privilege—Jurisdiction.**

Where plaintiff's petition states facts such as, if true, give the court jurisdiction, and defendant's answer does not allege that the allegations were fraudulently made for the purpose of conferring jurisdiction, the averments of the petition must be taken as true in determining the jurisdiction and the merits of defendant's plea of privilege to be sued in the county of his residence.

Appeal from the County Court of Jones. Tried below before Hon. J. B. Thomas.

*H. G. McConnell* and *C. C. Ferrell,* for appellant.

*C. H. Steele* and *Webb & Hill,* for appellee.

CONNER, CHIEF JUSTICE.—Appellant instituted this suit for damages against the appellee in the County Court of Jones County. Appellee, among other things, filed his plea of privilege to be sued in Shackelford County, Texas, the place of his residence. This plea was sustained, and a judgment of dismissal entered, from which this appeal has been prosecuted.

In appellant's amended petition, on file at the time of the ruling complained of, and which, under the rules, superseded the original petition, it was alleged, in substance, that in July, 1902, the plaintiff made an agreement with the defendant by which he was authorized to place certain cattle then owned and held by the plaintiff in a pasture situated in Jones County, Texas, then controlled and held by the defendant; that said cattle were free from disease of every character; that defendant represented that said pasture was free from ticks and contagion, and free from disease of any kind; that plaintiff, relying upon the representations so made, placed in said pasture one hundred and forty-eight head of cattle; that thereafter the defendant, Ellis Richardson, "did then and

there have in his possession cattle affected with contagion and infectious diseases, known as Texas, or splenetic fever, and did then and there, knowingly, cause said diseased animals to be placed in the aforesaid 13-section pasture, and contact with the plaintiff's cattle therein situated, without the consent or knowledge of plaintiff, and did thereby injure the aforesaid cattle of the plaintiff by communicating to them the diseases aforesaid, and the defendant did also then and there move and turn, and caused to be moved, their cattle into said pasture which had been exposed to the contagion and infection of Texas or splenetic fever in said pasture, knowingly, and placed the same in contact with plaintiff's aforesaid cattle, thereby also communicating the aforesaid disease to plaintiff's cattle." Whereby it was alleged that the cattle were injured and died, as specified in the petition.

To the general rule that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, there are numerous exceptions, one of which is: "Where the foundation of the suit is some crime, or offense, or trespass for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile." We think the terms of appellant's amended petition that we have quoted show an action of "trespass," within the meaning of that term as used in our decisions on the subject, if, indeed, they do not present a violation of our statutory law. Article 824 c of White's Annotated Texas Penal Code provides that: "Any person who shall have in his possession any domestic animal affected with any contagious or infectious disease, knowing such animal to be affected, who shall permit such animal to run at large, or who shall keep such animal where other domestic animals, not affected by or previously exposed to such disease, may be exposed to its contagion or infection, . . . shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than $100 nor more than $500 for each of such exposed or diseased domestic animals which he shall permit to run at large . . . in violation of the provisions of the article." The petition hence brought appellant's case within the exception we have quoted to the general venue statute. (See Rev. Stats., art. 1194, exception 9; Hill v. Kimball, 76 Texas, 210; Howe Grain & Mercantile Co. v. Galt, 32 Texas Civ. App., 198, 73 S. W. Rep., 828; Campbell v. Trimble, 75 Texas, 270.) Appellee did not allege, in answer to the averments of the amended petition, that the allegations were made fraudulently for the purpose of conferring jurisdiction over his person on the County Court of Jones County. For the purposes, therefore, of determining the jurisdiction and the merits of appellee's plea of privilege, the petition must be accepted as true. (See Texas & Pac. Ry. Co. v. Stell, 61 S. W. Rep., 980; Atchison, T. & S. F. Ry. Co. v. Williams, 12 Texas Ct. Rep., 570.)

We conclude that, for the error of the court in its ruling upon appellee's plea of privilege, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*