**TEXAS HARDWOOD CO. et al. v. MOORE.**
**(No. 719.)**

(Court of Civil Appeals of Texas. Beaumont. Nov. 25, 1921. Rehearing Denied Dec. 14, 1921.)

Venue ⬡⇒8—Action for injuries by minor employed in violation of law held for "trespass."

Although, in Rev. St. art. 1830, subd. 9, allowing suit for trespass in the county where the "trespass" was committed, the word "trespass" embraces only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those resulting from mere omission of a duty, action by a minor under 13 employed by defendant sawmill owner in violation of Pen. Code, art. 1050e (Vernon's Ann. Pen. Code Supp. 1918; Complete St. 1920), for injuries from log rolling off an overloaded log deck onto plaintiff when he was directed to push the log car, held to raise issues of "wrongful acts willfully or negligently committed," and, in view of plaintiff's tender age and of the inherent danger of the work, raised issues of actionable negligence, independent of failure to warn or instruct him of the dangers of his employment; and, even if failure to give such warning and instruction was an essential element of his cause of action, the statute would still govern the venue, for to constitute a "trespass" it is not necessary that all of the concurring acts entering into and creating a cause of action must be "wrongful

acts willfully or negligently committed," but it is sufficient if the cause of action has its beginning in an affirmative negligent act but for which the injury complained of would not have been sustained.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

Appeal from District Court, Jasper County; George E. Holland, Judge.

Action by Earlton Moore against the Texas Hardwood Company and others. From judgment denying plea of privilege, defendants appeal. Affirmed.

Bryan, Stone & Wade, of Fort Worth, for appellants.

L. S. Schluter, of Jefferson, and A. S. McKee, of Jasper, for appellee.

WALKER, J. This is an appeal from a judgment of the district court of Jasper county denying a plea of privilege. No question was made on the pleadings. No testimony was offered by either party, but the case was submitted to the court on an agreement that the pleadings reflected the true facts on the issue of venue.

From the pleadings, it appears that appellee, a minor under 13 years of age, was employed by appellant to work in a sawmill owned by him in Jasper county. At the time appellee was employed to work in the sawmill, appellant lived in Tarrant county, which had been his home for many years prior thereto, and where he continued living until this case was tried. Appellee alleged that his injury occurred in the following manner:

"That while the said plaintiff was in the discharge of his said duties, the log car was brought up to the log deck and the logs taken therefrom and placed upon the log deck, which was at that time already filled with logs to such an extent that there was not sufficient room for more without scotching or propping the one lying next to the edge of said log deck, and that after unloading the logs from the log car, this plaintiff, who was near the same, was told by the man in charge of the work to push the log car so that it would return to the log yard, and that in obedience to such directions he did push the said log car, and when he did so the log lying upon the log deck and nearest the edge thereof rolled off and onto and over this plaintiff."

As we construe the allegations in plaintiff's petition, his cause of action lies in "trespass," as that term is used in the ninth exception to article 1830, Revised Statutes 1911; this article and exception reading as follows:

"Art. 1830. No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases: * * *

"(9) Where the foundation of the suit is

---

⬡⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

some crime, or offense, or trespass, for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile."

In Ricker v. Shoemaker, 81 Tex. 26, 16 S. W. 646, Judge Gaines thus defines the term "trespass," as used in the venue statute:

"The words 'when the crime, offense, or trespass was committed' indicate that the word trespass was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty."

The employment of appellee in violation of article 1050e, Penal Code, Complete Texas Statutes 1920, which was duly pleaded by appellee, the overloading of the log deck, and the order directing appellee to push the car, raised issues of "wrongful acts willfully or negligently committed," and in view of the tender age of plaintiff and of the inherent danger of such work, raised issues of actionable negligence, independent of the failure to warn and instruct him in the dangers of his employment. But if the failure to give such warning and instruction is an essential element of plaintiff's cause of action, yet venue was properly laid in Jasper county. We do not understand that all of the concurring acts entering into and creating a cause of action must be "wrongful acts willfully or negligently committed," in order to constitute a trespass. It is sufficient if the cause of action has its beginning in an affirmative negligent act but for which the injury complained of would not have been sustained. Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Connor v. Saunders, 81 Tex. 633, 17 S. W. 236; Austin v. Cameron & Co., 83 Tex. 351, 18 S. W. 437; Stewart v. Nichols and Harlson, 36 Tex. Civ. App. 354, 82 S. W. 339; Baldwin v. Richardson, 39 Tex. Civ. App. 348, 87 S. W. 353; Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618.

The judgment of the trial court is affirmed.