### LATTA et al. v. BIER.    (No. 2591.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 27, 1926. Rehearing Denied Feb. 17, 1926.)

**1. Venue &8—Failure of employee of brick manufacturer to obey alarm, and hold brick after being instructed to, held not a "trespass" (Rev. St. 1925, art. 1995, exception 9).**

Failure of employee of brick manufacturer to obey alarm, and hold brick after being instructed to, *held* an act of omission not amounting to a "trespass" by employer, within Rev. St. 1925, art. 1995, exception 9.

**2. Negligence &61(1) — Each efficient cause of injury proximate cause.**

If several efficient causes contribute to injury, and without operation of each injury would not have occurred, each cause is proximate cause.

**3. Venue &8—Where employee was injured by another employee throwing a brick to him, plea of privilege, in action against employer for injuries, held improperly sustained (Rev. St. 1925, art. 1995, exception 9).**

Where employee was injured by act of another employee in throwing a brick to him after being instructed not to, plea of privilege, in action against employer for injuries, *held* improperly sustained, in view of Rev. St. 1925, art. 1995; such act of employee being a "trespass," within exception 9 of such section.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by E. T. Latta and another against Henry Bier. From an order sustaining defendant's plea of privilege and transferring the case to the district court of Potter county, plaintiffs appeal. Reversed and remanded.

Wm. F. Nix, of Amarillo, for appellants.
J. W. Crudgington, of Amarillo, for appellee.

&For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HALL, C. J. This is an appeal from an order of the district court of Potter county sustaining the appellee's plea of privilege and transferring the case to the district court of Cooke county.

The appellee was a resident citizen of Cooke county when the suit was filed, citation served, and the plea of privilege urged. Through his agents, appellee was operating a brick manufacturing plant in Potter county during the year 1925, and at the time of the alleged injuries. J. D. Latta, the son of E. T. Latta, was employed and had been working at the plant from April to September, 1925. On or about July 17th the son, who is also an appellant, received injuries, on account of which he sues for damages.

The record discloses that at the time of the accident bricks were being moved from the kiln, where they had been burned, and stacked on the ground at some distance from the kiln. Another employee named Parkhill was on top of the kiln tossing 2 or 3 brick at a time to J. D. Latta, who was 5 or 6 feet from and below him standing on a table. In prosecuting the work, it was the duty of J. D. Latta to catch the brick tossed to him by Parkhill, and in turn to toss them to the next man below him, and in this way the brick were transferred down the line, consisting of 5 or 6 men, from the top of the kiln to where the brick were placed on a table or stack some distance from the kiln.

J. D. Latta is the only witness who testified upon the hearing of the plea of privilege. The material part of his testimony bearing upon the issue presented is, in substance, as follows:

"At the time the alleged injury occurred to me I was rustling brick out of the kiln. My duties on the job were as follows: A man name Parkhill was above me taking the brick out and passing them down to me. I was passing them down to another man, and he would pass them on down to another and put them on the line. In passing them, we would catch them 2 or 3 at a time and pitch them to another man. Parkhill was 5 or 6 feet above me standing on the pile of brick. I was on another table of brick below him, about 6 or 8 feet above the ground. The man above me was on a direct line about 5 or 6 feet from me. When he tossed the brick to me, I would catch them and then toss them to the next man, who was on the ground. We had a roller line down there on the ground which transferred the brick about 12 or 15 feet out to where they were stacked. The man at the end of the line was slow about taking them off of the line, and Ed Bier, the superintendent, came around and got to hurrahing him, and said, 'I can take them brick off the line as fast as you all can give them to me.' Parkhill is one of these kind of fellows that like to race, and Ed was the same way, he liked to race, too, and we got to throwing them down on him just as fast as we could, and filled the line up on him, and I held two or three at a time, and got the line filled up on

him, and he holloed, 'Hold.' Parkhill had two brick in his hand at that time, and, instead of holding them, he dropped them on down to me, and they just went right on through me. The other fellow holloed, 'Hold,' and I thought he did, too. I don't know whether Parkhill heard that hollo 'hold' or not, but I holloed it to him myself, and said it loud enough for any one to hear it. That order means to stop right now. I knew what it meant, and I know that Parkhill knew what that order meant. When that order came I stopped, but Parkhill did not stop. He threw the brick on down to me. I didn't catch them. Being as the rest of them holloed, 'Hold,' I thought he was going to hold them, too. The brick hit me on the right foot right across there; hit this toe and the ball of my right foot, and mashed the ball of my foot right here."

R. S. 1925, art. 1995, provides:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases."

Exception No. 9 of this article is as follows:

"9. *Crime or Trespass.*—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

[1] The appellants contend that they are entitled to maintain the suit in Potter county under the construction given by the courts of this state to this exception, because the action of Parkhill in tossing the brick to J. D. Latta after the alarm "hold" had been given by the men in the brick line was a "trespass" as that term is defined in the cases which they cite. On the other hand, appellee contends that the failure of Parkhill to obey the alarm and hold the bricks is an act of omission which does not come within the definition of the word "trespass" as used in exception No. 9. We think both contentions are correct.

In the recent case of Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162, Gallagher, C. J., discusses the decisions of the Supreme Court, which hold that a mere negligent omission to perform a duty does not amount to a trespass within the meaning of that statute. But this negligent omission to

281 S.W.—16

heed the alarm on the part of Parkhill is not the only negligence upon which the appellants' action for damages is predicated. His act of negligent omission was followed by his alleged negligent act of commission in tossing the brick to J. D. Latta. In the case just cited Judge Gallagher says:

"To constitute a trespass, there must be an affirmative act, as distinguished from a mere failure to act. Such action need not be inherently unlawful. It may be inherently right if properly performed, and yet be, if performed in a culpably negligent manner resulting in injury to another, a misfeasance or trespass as to such person."

[2] From the pleadings and the evidence. it may be inferred that Parkhill was guilty of both negligent acts of omission and commission, which together resulted in the injury complained of. The rule is that, if several efficient causes contribute to an injury, and without the operation of each the injury would not have accrued, each cause is a proximate cause. St. Louis S. W. Ry. Co. v. Wilkes (Tex. Civ. App.) 159 S. W. 126; H. & T. C. R. Co. v. Gerald, 128 S. W. 166, 60 Tex. Civ. App. 151; Great West Mill & Elevator Co. v. Hess, 281 S. W. 233 (decided by this court); Texas Hardwood Co. v. Moore (Tex. Civ. App.) 235 S. W. 630.

The views of this court with reference to the meaning and effect of the word "trespass" as used in the statute above quoted were expressed in Geary et al. v. Word (Tex. Civ. App.) 259 S. W. 309, and what has been said in that case, and in the Brooks-Hornbeck Case by Judge Gallagher might be appropriately repeated here; but, for the sake of brevity, we forego a further extended discussion of the numerous cases cited in those opinions.

[3] Believing that the affirmative act of Parkhill in tossing the brick will, according to the allegations and proof upon the trial of the plea, bring it within the recognized meaning of trespass, we think the court erred in sustaining the plea and changing the venue.

The judgment is therefore reversed, and the cause is remanded for trial upon the merits in Potter county.