### ENGLISH v. MILLER.

### No. 3519.

Court of Civil Appeals of Texas. Amarillo.

Dec. 17, 1930.

Cooper & Lumpkin, of Amarillo, for appellant.

Cook, Smith & Teed, of Pampa, for appellee.

JACKSON, J.

This suit was instituted in the district court of Gray county, Tex., by Lizzie Miller, the plaintiff, against Harold W. English, the defendant, to recover damages for negligently causing the death of her minor son.

Plaintiff alleged that William Miller, her son, was a minor, sixteen years old at the time of his death, and was residing with her at her home in McLean, Gray county, Tex., and that the defendant who owned, controlled and operated an areoplane, resided in Potter County, Texas.

That about January 26, 1928, the defendant came to McLean in Gray county, in his aeroplane, and while there solicited parties to take rides with him in his machine, for which he charged compensation. That at the request of the defendant, her minor son, without her knowledge or consent, entered the aeroplane, paid the fare charged for a ride, and the defendant took him and another boy on a flying trip.

Plaintiff, in effect, alleges, among other acts of negligence which, because of their character, are immaterial to this appeal, that during the trip the defendant engaged in doing stunts or acrobatic flying at an altitude of less than four hundred feet. That such acrobatic flying was exceedingly dangerous and such acts and conduct on the part of the defendant was negligence. That on account of such negligence the aeroplane fell to the ground with such force that it was crushed and her minor son and the other boy were both killed. That such negligence was the proximate cause of the death of her minor son and occasioned her damages, all of which she sufficiently pleads.

The defendant filed his plea of privilege to be sued in Potter county, the county of his residence. The plaintiff filed her controverting affidavit, making her petition a part thereof, and asserted that the district court of Gray county should retain venue because the suit was for damages growing out of a trespass committed by the defendant in Gray county and that venue was fixed by section 9, art. 1995, R. C. S.

The court, after hearing the evidence, overruled the plea of privilege, from which ruling

478

of the court the defendant prosecutes this appeal.

The only question presented by the appeal is whether or not the record discloses that appellant was guilty of negligence which constituted a trespass against appellee in Gray county.

The testimony discloses that the appellee was a widow and that William Miller, the deceased, resided with her at her home in McLean, Gray county, Tex. That he was a minor and for hire was taken for a ride by appellant in his aeroplane at McLean, Tex., on January 26, 1928. That during the trip, at an altitude of less than four hundred feet, the defendant engaged in acrobatic flying, "went into a nose spin," completed one loop, following it immediately with a second loop, from which the aeroplane was never righted, but crashed to the ground with such force that the aeroplane was wrecked and the son of appellee and the other boy, if not instantly killed, died within a few minutes.

As we understand, "passive negligence" is a failure to do something that should have been done, and that passive negligence is not a trespass as the courts interpret the meaning of the word "trespass" in section 9, art. 1995. That in order for negligence to constitute a trespass under such article, the negligence must be active; affirmative action; positive activity; the doing of something that should not have been done. In our opinion, to make nose dives and loop the loop while operating an aeroplane is real, affirmative action and positive activity and that such acrobatic flying constitutes a trespass under the pleading, and facts disclosed in this record. Vaught et al. v. Jones (Tex. Civ. App.) 8 S. W. (2d) 800; Frnka v. Beaumert (Tex. Civ. App.) 290 S. W. 808, 809; Latta v. Bier (Tex. Civ. App.) 281 S. W. 240, 241; Carter v. Haynes (Tex. Civ. App.) 269 S. W. 216; Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162; Texas Hardwood Company v. Moore (Tex. Civ. App.) 235 S. W. 630.

The judgment of the trial court is affirmed.