## GOODRUM v. HOBBS.
### No. 7840.

Court of Civil Appeals of Texas. Austin. April 26, 1933.

, J. B. Dibrell and P. E. Campbell, both of Seguin, for appellant.

E. B. Coopwood, and Nye H. Clark, both of Lockhart, for appellee.

BAUGH, Justice.

Appeal is from an order overruling defendant's plea of privilege to be sued in Guadalupe county, the county of his residence. Suit was by Hobbs for damages to his truck occasioned by reason of alleged negligence of the agents of Goodrum in the operation of what is commonly known as a steam shovel, being used in loading gravel on said truck. The gravel was being hauled from the gravel pit for use in building a highway. Venue was laid in Caldwell county, under subdivision 9, of article 1995, R. S. 1925, on the ground that the negligence alleged constituted a trespass committed by appellant in that county.

The machine used consisted of a crane and a heavy shovel operated by steel cables and motor power under the control and manipulation of the operator. The shovel was driven into the gravel bed, filled, raised, and swung into position over the truck and the gravel then released or dumped into the truck bed. The negligence alleged was that appellant's agents permitted some of the strands of the steel cable to become broken, overloaded the shovel with an unusual amount of gravel, and, in swinging it over appellee's truck, the operator negligently did so with such a sudden jerk and jar that the cable suspending it broke, allowing both the shovel and the gravel to fall upon appellee's truck with the resultant damage complained of. Appellee's testimony in the hearing on the plea of privilege was substantially in support of his allegations.

The issue of what constitutes a trespass under this exception to the venue statute has been repeatedly before the courts. See annotations in note 50, art. 1995, Vernon's Ann. Texas Stats. 1925. It seems now well settled that mere passive acts of negligence, or omissions to perform a duty amounting to negligence, do not constitute a trespass within the purview of subdivision 9 of article 1995, R. S.; but that affirmative acts or active conduct of the wrongdoer amounting to negligence do constitute a trespass under the statute, authorizing suit where the acts occurred. Ricker, Lee & Co. v. Shoemaker, 81 Tex. 25, 16 S. W. 645; Brown v. Calhoun (Tex. Civ. App.) 22 S.W.(2d) 757; English v. Miller (Tex. Civ. App.) 33 S.W.(2d) 477; McCrary v. Coates (Tex. Civ. App.) 38 S.W.(2d) 393; Adkins v. Essler (Tex. Civ. App.) 38 S.W.(2d) 411.

In so far as appellant may have negligently permitted the cables operating the shovel to become weakened, his conduct was merely an act of omission and without the scope of the statute. Austin v. Cameron & Co., 83 Tex. 351, 18 S. W. 437, and Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515, cited by appellant. If, however, his employees negligently operated such shovel over appellee's truck in such manner as to damage such truck, such conduct, we think, constituted affirmative or active negligence, coming within the purview of subdivision 9 of said statute. In this respect the Caldwell county court properly acquired jurisdiction of the suit. And the evidence offered on the plea of privilege was sufficient to raise an issuable controversy in this respect.

Appellant also complains of the admission in evidence of appellee's original petition. This was but a pleading and constituted no evidence of the facts therein alleged. It was not admissible as any proof of such facts. There is nothing in the court's order, however, showing that he considered it for any purpose. What we have said above is based entirely upon the competent evidence properly in the record, which was sufficient to sustain the trial court's action. The error complained of consequently becomes immaterial, and, the hearing having been had before the court, it will be presumed that he did not consider such petition in arriving at his judgment. The trial court's judgment will be affirmed.

Affirmed.