**SPROLES et al. v. COPELAND et ux.**

**No. 1398.**

Court of Civil Appeals of Texas. Waco.

Dec. 14, 1933.

Rehearing Denied Feb. 15, 1934.

Cantey, Hanger & McMahon, E. O. Mather, J. A. Gooch, and Swartzberg & Rawlings, all of Fort Worth, for appellants.

Collins & Martin and R. W. Calvert, all of Hillsboro, for appellees.

ALEXANDER, Justice.

This appeal challenges the correctness of the ruling of the trial court on a plea of privilege. The action was brought in the district court of Hill county by J. B. Copeland and wife, who reside in that county, against J. C. Morgan, R. P. Hillin, and Ed Sproles, all of whom reside in Tarrant county, to recover damages for injuries resulting in the death of plaintiffs' son, Sterling Copeland. It was alleged that J. C. Morgan and R. P. Hillin each committed a crime in Hill county in that the said Morgan, as the agent and servant of Ed Sproles, negligently stopped and parked a truck belonging to the said Sproles upon the paved and traveled portion of the public highway between Hillsboro and Itasca in Hill county at nighttime and so left the same standing without any lights; that said truck was headed north and was upon its right-hand side of said road; that at the same time and place the said Hillin, another agent and servant of Sproles, negligently stopped and parked another truck belonging to Sproles upon the opposite side of said road and facing in the opposite direction; that said trucks were so parked as to leave less than 15 feet clear space between them; that as the result of said negligence the said Sterling Copeland, while driving an automobile upon said highway at nighttime in a northerly direction, ran his automobile against the truck so parked by Morgan and was killed as the result thereof. All of the defendants filed pleas of privilege to be sued in Tarrant county, which pleas were duly controverted by the plaintiffs. The trial court overruled the pleas of privilege, and the defendants appealed.

Subdivision 9 of article 1995 (Vernon's Ann. Civ. St.) provides: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

The Act of 1929, 41st Leg., 2d Called Sess., p. 72, c. 42 (Vernon's Ann. Penal Code, art. 827a, §§ 9, 10), makes it an offense to leave an unlighted automobile upon the paved or traveled portion of a highway at nighttime. The same act makes it an offense to park and leave standing any automobile upon a public highway so as to leave less than 15 feet clear space for the passage of other vehicles upon the traveled portion of said highway. The appellees contend that they have a right to maintain the suit in Hill county as against Morgan and Hillin under the provisions of the above-quoted subdivision 9, because the

action is one based upon a crime committed by said defendants in that county. They contend that they are entitled to maintain the action in the same county as against Sproles under subdivision 29a of article 1995, because he is a joint tort-feasor and a necessary party to the suit.

■ The appellants' first contention is that the cause of action herein sued upon is not one based upon a crime and thus controlled by said subdivision 9 of the venue statute, because the plaintiffs could not recover upon a mere showing that such a crime had been committed in Hill county, but were required to go further and establish that the conduct of said defendants in committing said crime amounted to negligence and was the proximate cause of the injuries complained of, and that since such showing was necessary, the action was one based upon ordinary negligence and not one based upon a crime. Proof that said defendants committed a crime was sufficient to establish negligence per se. It was necessary, as contended by appellants, for appellees to establish that such conduct was a proximate cause of the injuries complained of, but this did not render the action any the less "a suit based upon a crime." Such a showing is necessary in all cases where it is sought to recover the damages growing out of the commission of a crime, and, if the necessity for such a showing would automatically put the action beyond the pale of the statute, then the statute would be rendered useless.

■■ Appellants further contend, in effect, that in order for the cause of action to be one based upon a crime, offense, or trespass within the meaning of said subdivision 9, it is necessary that the offense be one arising from some affirmative act on the part of the offender and not a mere omission of duty, and that the damages complained of be such as immediately and necessarily result from the commission of the offense. Active negligence is necessary in order to establish a "trespass" within the meaning of said subdivision of the venue statute, but this is true because there can be no trespass in the absence of some affirmative act of negligence. Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162, and cases there cited. This is not true with reference to a crime. A crime may be either an act or omission forbidden by positive law. Pen. Code 1925, art. 47; 12 Tex. Jur. 207; 16 C. J. 50. Neither is it necessary that the damages sued for be such as immediately and

necessarily flow from the commission of the offense in order to bring the action within the meaning of said statute. In Saigh v. Laechelin (Tex. Civ. App.) 17 S.W.(2d) 838, the court had before it a case in which the defendant had cut plaintiff's fence and allowed his mules to escape. After the mules escaped from the inclosure, they were injured and the plaintiff brought suit for the damages in the county where the crime of cutting the fence occurred. In that case the only damages which immediately and necessarily flowed from the commission of the crime, that is, the cutting of the fence, was the cost of repairing the fence, yet the court sustained the venue and allowed a recovery for the injuries which occurred to the mules after their escape from the inclosure as a proximate result of the cutting of the fence. See, also, Baldwin v. Richardson, 39 Tex. Civ. App. 348, 87 S. W. 353. In order for the action to be one coming within the meaning of the statute, it is only necessary that the damages sustained be such as proximately result from the commission of the crime. Statements to the contrary will be found in the case of Murray v. Jones (Tex. Civ. App.) 56 S.W.(2d) 276, par. 2, but such holding was unnecessary to a disposition of the question there involved and we are inclined to believe that the court did not give its usual careful consideration to some of the expressions contained therein. See in this connection, Claer v. Oliver (Tex. Civ. App.) 62 S.W.(2d) 354.

■ From what has been said, it is apparent that the action as against Morgan and Hillin was properly brought in Hill county where the crime was committed. Morgan and Hillin were the employees of Sproles and were acting for him as such at the time of the creation of the hazard which brought about the damages sued for. Sproles was therefore a joint tort-feasor with Morgan and Hillin. Sproles v. Schepps (Tex. Civ. App.) 26 S.W. (2d) 922; W. P. Carmichael Co. v. Miller (Tex. Civ. App.) 178 S.W. 976; Baylor University v. Bradshaw (Tex. Civ. App.) 52 S.W.(2d) 1094, par. 7. The plaintiffs sought to recover a joint judgment against all three defendants and Sproles was therefore a necessary party to the suit, and the suit was properly brought in Hill county as against all three defendants. Revised Statutes, art. 1995, subd. 29a; Sproles v. Schepps, supra; Commonwealth Bank & Trust Co. v. Heid Bros., Inc. (Tex. Com. App.) 52 S.W.(2d) 74.

The judgment of the trial court is therefore affirmed.