## PAGE et al. v. SCHLORTT et al.
### No. 7970.

Court of Civil Appeals of Texas. Austin.

May 9, 1934.

Rehearing Denied May 30, 1934.

Touchstone, Wight, Gormley, & Price, of Dallas, for appellant Metropolitan Casualty Ins. Co. of New York.

Merton L. Harris, of Smithville, for appellant E. H. Page.

I. N. Jett, of Smithville, and S. L. Staples, and James A. King, both of Austin, for appellees.

BLAIR, Justice.

Appellant E. H. Page has appealed from an order overruling his plea of privilege to be sued in Webb county, his domicile; and appellant Metropolitan Casualty Company of New York, a foreign corporation with its Texas principal place of business at Dallas, from an order overruling its plea of privilege to be sued there. The suit was filed by

J. W. Schlortt as the father and next friend of appellee R. E. Schlortt, a minor twenty years of age, to recover damages resulting from the collapse of a scaffold upon which he was working for Page, who was constructing a bridge under a contract with the Highway Commission of Texas. The Metropolitan Casualty Company was sued as surety on Page's statutory bond, which was alleged to have inured to the benefit of appellee, and to have obligated the company to pay the damages sustained. Both the contract and the bond were attached to and made a part of appellee's petition, and made a part of his controverting pleas to the pleas of privilege by reference. Appellee maintained venue in Bastrop county, where the injuries occurred, under subdivision 9 of article 1995, which provides that "a suit based upon a * * * trespass may be brought in the county where such * * * trespass was committed." He alleged, and on the venue hearing proved, that he was employed by Page as a laborer in the construction of a state bridge over a stream in Bastrop county; that Page, his agents and employees, negligently and carelessly constructed a scaffold with heavy timbers on top as a platform, and on which appellee was ordered to work with three employees; that the scaffold was insufficient to sustain the weight of appellee and the other employees, because constructed out of pine saplings, using small nails; and that because of the weight of timbers placed on the scaffold and the added weight of the other employees who were ordered to work on the scaffold with appellee, the scaffold collapsed, and in the fall appellee sustained the injuries for which he seeks damages. That Page failed to exercise ordinary care in furnishing a reasonably safe place for appellee to work, the insufficiently constructed scaffold being a hazardous and dangerous place on which to work, and which fact was known to appellant and his foreman in charge of constructing the bridge. That appellant and his foreman were negligent in ordering appellee to go upon and to work upon the carelessly and negligently constructed scaffold; and carelessly and negligently ordered the other employees to go upon the scaffold with appellee, their added weight causing the scaffold to collapse just as the last employee reached the top of the platform. That the acts of appellant and his foreman in ordering appellee and the other employees to go upon and to work upon the carelessly and negligently constructed scaffold were overt acts and were acts of positive or active negligence, and constituted a trespass upon appellee within the meaning of the venue statute above quoted.

Both appellants contend that if the injuries complained of occurred as claimed by appellee, they did not occur by any overt act, or acts of Page or his employees; but that same were caused by the collapse of the scaffold or platform, which was a mere act of failing to construct a safe platform or place for appellee to work, and which was a mere omission of duty on the part of appellant Page and his agents or employees, and not within the meaning of the term "trespass" as used in the venue statute above quoted. We do not sustain the contention.

The negligence relied upon as the basis of the suit was not alone the careless or negligent manner of constructing the scaffold, because the mere constructing of the scaffold standing alone would not have caused the injuries complained of. It was the ordering of appellee and the other employees upon the insufficient scaffold that caused it to collapse, and as the result of the fall appellee was injured. The ordering of the employees upon the scaffold was the active prosecution of the work of constructing the bridge. Ordering the employees to go upon the insufficient scaffold and the active force of their weight caused the scaffold to collapse just as the last one reached the platform. The negligent placing of this force or weight upon the scaffold caused it to fall. It was an active moving force. It was just as active a force as if one of the employees had negligently thrown a piece of timber against the scaffold causing it to fall.

The case is not analogous to the case of Austin v. Cameron, 83 Tex. 351, 18 S. W. 437, as contended by appellants. In that case defendant was operating a ferryboat across a river. He or his employee was charged with negligently permitting the rope which held the ferry to the bank to become rotten, and when the team was driven on the boat the rope broke, causing the wagon to be precipitated into the river, drowning plaintiff's wife and child. It was held that permitting the rope to become rotten was an act of omission or passive negligence, and not a trespass within the meaning of the venue statute. It was also held that the act of the employee of defendant in requesting plaintiff to drive on the boat was in the nature of an offense or negligent homicide, for which the employer could not be held for the damages resulting. Neither of the cases cited by appellants furnishes an analogy on fact or principle to the instant case, which is based upon negligence. The negligence alleged and prov-

ed was that in the active construction of the bridge appellant and his employees carelessly constructed an insufficient scaffold, and that in the further prosecution of the work appellant's foreman ordered appellee and the other employees to go upon the scaffold, which because of its defective construction collapsed under the active force of the weight so placed upon it.

The term "trespass," as used in the venue statute, has been held to include negligence and embraces all cases where injury is done, and this is true even though the injury is the indirect result of wrongful force. This interpretation of the term "trespass" as used in the venue statute would also include injuries to a person or property which is the result of the negligence of the wrongdoer or his agents. Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; Thompson v. Wynne (Tex. Civ. App.) 9 S.W.(2d) 745. Nor is any distinction made as to whether the act is a trespass or a trespass on the case, because as used in the statute the term "trespass" is equivalent to "tort," and of course includes negligence. Crespi v. Wigley (Tex. Civ. App.) 18 S.W.(2d) 716.

The instant case is more nearly analogous to the case of Texas Hardwood Co. v. Moore (Tex. Civ. App.) 235 S. W. 630, 631, wherein a minor was employed to work in a sawmill, and in the discharge of his duties the log car was brought up and the logs unloaded on the deck and were negligently stacked on the deck by scotching or propping the one lying next to the edge. The boy was told by the men in charge to push the empty log car so that it would return to the log yard, and when he did so the jar caused the log lying on the edge to roll off the deck onto and over the boy, causing his injury. It was held that: "We do not understand that all of the concurring acts entering into and creating a cause of action must be 'wrongful acts willfully or negligently committed,' in order to constitute a trespass. It is sufficient if the cause of action has its beginning in an affirmative negligent act but for which the injury complained of would not have been sustained. Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Connor v. Saunders, 81 Tex. 633, 17 S. W. 236; Austin v. Cameron & Co., 83 Tex. 351, 18 S. W. 437; Stewart v. Nichols & Haralson, 36 Tex. Civ. App. 354, 82 S. W. 339; Baldwin v. Richardson, 39 Tex. Civ. App. 348, 87 S. W. 353; Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618."

See, also, Claer v. Oliver (Tex. Civ. App.) 62 S.W.(2d) 954, and Goodrum v. Hobbs (Tex. Civ. App.) 60 S.W.(2d) 298, 299, in which case it was alleged that the defendant negligently permitted a cable on the steam shovel to become worn, and that in handling gravel with it the employees of defendant negligently overloaded it and suddenly jerked and jarred it so that the deficient cable broke and let it fall on a truck, causing injury; and in which case this court held, as follows: "In so far as appellant may have negligently permitted the cables operating the shovel to become weakened, his conduct was merely an act of omission and without the scope of the statute. Austin v. Cameron & Co., 83 Tex. 351, 18 S. W. 437, and Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515, cited by appellant. If, however, his employees negligently operated such shovel over appellee's truck in such manner as to damage such truck, such conduct, we think, constituted affirmative or active negligence, coming within the purview of subdivision 9 of said statute. In this respect the Caldwell county court properly acquired jurisdiction of the suit. And the evidence offered on the plea of privilege was sufficient to raise an issuable controversy in this respect."

In so holding this court not only recognized the rule that an action for trespass presumes an active agency on the part of the wrongdoer in causing the injury, but also recognized the rule that an action for trespass on the case presumes that the injury is consequential, or that the direct injury is the result of negligence. This court further recognized the rule that when the passive and active negligence are so related that the acts of passive and active negligence concur in causing the injury, the concurrent negligent acts become a trespass within the meaning of the term as used in the venue statute.

Under modern procedure, the distinction between trespass and case is not as important as formerly, and "trespass and case become concurrent remedies when they approach the dividing line so closely as to be scarcely distinguishable from each other, and where no evil is perceptible from adopting either as a remedy." 26 R. C. L. 932. The word "trespass," as used in the venue statute, has been construed by our courts as including actions of trespass on the case. Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618.

In the instant case the injury was the consequence of negligence and the action was on the case; and if the act of constructing the scaffold be regarded as a mere omission of duty, still that omission concurred with the active force of weight wrongfully placed upon the defective scaffold by ordering too many

employees on the platform in the further prosecution of the construction of the bridge. The negligent building of the scaffold and the ordering of men upon it to work on the bridge were closely related acts in the active construction of the bridge. Manifestly the dividing line between these active and passive acts is so close that they become scarcely distinguishable from each other, and bring the instant case within the term "trespass" as used in the venue statute.

■ Appellant Metropolitan Casualty Company further contends that since it was served with citation for the June term, 1932, and filed its plea of privilege to that term, which was not controverted by appellee until the following term of the court, the court had no further jurisdiction of the case except to transfer the same in accordance with the plea of privilege. We do not sustain the contention.

In his controverting plea, appellee alleged that appellant Page had not been served with citation in time for the June, 1932, term; that the court could not properly have heard the insurance company's plea of privilege before all parties to the suit were before the court; that Page filed his plea of privilege to the term to which he was cited to appear; that while Page and the insurance company were sued jointly and severally for the damages, the insurance company was liable only as surety on the statutory bond of Page as a public contractor.

In the recent case of Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.(2d) 978, it was held that jurisdiction of subject-matter of plea of privilege remains in the court until that court has by affirmative action disposed of the plea; and that for good cause shown the court may allow the filing of controverting affidavit even though the statutory time for filing same has elapsed. The subject-matter of this suit was indivisible. The insurance company is liable only in the event appellant Page is found to have negligently injured appellee. Page had not been served with citation in time to require him to appear at the June term, 1932, and we think that under such facts and circumstances the trial court properly permitted the filing of the controverting affidavit to the plea of privilege of the surety on the construction bond, after the statutory time had elapsed.

■ Appellant insurance company contends that appellee failed to establish a prima facie case against it as surety on the bond of Page for the injuries to appellee. The contention is not sustained.

Appellee proved his employment with Page the principal on the bond, the manner and extent of his injuries and damages, and introduced the bond payable to the state, but conditioned to pay "all liabilities for injuries which have been incurred in and about said construction, under the operation of the statutes of this state." Such proof established a prima facie case of liability of the surety on the public construction bond. This proof also showed the insurance company to be a necessary party to the suit of appellee on the bond.

■ The question of nonliability of the insurance company under a construction of the terms of the bond are matters which go to the merits of the case and are not determinable on this venue hearing. Reagan County Purchasing Co. v. State (Tex. Civ. App.) 65 S.W. (2d) 353.

The judgment of the trial court will be affirmed.

Affirmed.