### DILLINGHAM v. CAVETT.
No. 4533.

Court of Civil Appeals of Texas. Amarillo.

Feb. 3, 1936.

Rehearing Denied March 9, 1936.

Cox & Hayden, of Abilene, for appel-
lant.

Baker & Baker, of Coleman, for appel-
lee.

MARTIN, Justice.

Appellee filed suit against appellant in
the district court of Coleman county for
injuries alleged to have been received by
him at appellant's ice plant in said county.

That court entered its judgment, overruling appellant's plea of privilege to be sued in Taylor county, admittedly his residence.

Appellee claimed venue under article 1995, subd. 9 (Vernon's Ann.Civ.St.), authorizing in substance a suit to be maintained in the county where a crime, offense, or trespass is committed.

Appellant urges here as grounds for reversal of said judgment in substance that appellee's pleading and proof show he was a mere volunteer' and affirmatively show that he had no cause of action, maintainable in Coleman county or elsewhere, and his pleading (which included his controverting affidavit) and proof show affirmatively that his suit is not based upon a crime, offense, or active trespass.

██ We partly agree with both these contentions, and have concluded that the proper disposition to make of this appeal is to reverse and remand rather than reverse and render, because the case does not appear to have been either fully proven or pleaded.

The facts as shown here in brief are:

The appellee accompanied his father-in-law, a Mr. Webb, to said ice plant to secure ice for the latter. A "scoring machine" was used there, apparently to cut blocks of ice into proper lengths. This machine had two sets of saws, set vertically and placed opposite each other, between which the blocks of ice were pushed by an operator for proper sizing. Only one employee was present when appellee and his father-in-law arrived at said plant. It took two hands to operate said machine—one to push the ice in and through, and the other to take same out. Concerning his connection with this, appellee testified in part:

"Q. Did Mr. J. Bennet Nance start that machine in operation while you were there? A. Yes, sir.

"Q. What statement did he make to you now, after he started that machine, with reference to assisting him or requesting you to assist him? A. I had gotten down and gone to get a drink about thirty feet from the scoring machine and I heard him ask Mr. Webb would that boy help him put the ice through there; he said that it took two of them, one to push it through and the other to take it out at the other end to keep from busting it. * * *

"He said: 'Will you help me push the ice through here; it takes two of us to do it and there is no one else here but me right now; the other boy is late' or something about him being late. I said: 'I guess so'; he said: 'I will show you how to do it.' * * *

"He had the machine running and took a block of ice and put it in there and said: 'You push them in and I will take them out.' "

Appellee did as directed and received serious injury by getting one of his feet caught in a saw. He was inexperienced, lived out in the country, and was being used by appellant's servant because he was temporarily short-handed, and the sale and delivery of ice to Mr. Webb could not be then consummated apparently unless he received assistance in operating said machine from some third party. Both parties seemed to have some interest in the operation of said machine so as to be able to make immediate delivery.

We cannot agree that this meager evidence shows appellee to be a mere volunteer as a matter of law, so as to preclude any recovery. The rule barring recovery by a volunteer is stated in 39 C.J. p. 554, § 661, but is immediately followed by paragraphs 662 and 663, which we quote:

"An emergency or pressing necessity which makes impossible, without further assistance, the full performance of a servant's work may of itself arm the servant with power to employ or accept assistance immediately and essentially necessary to fulfill his task, and thereby clothe the one employed or assisting with the rights of a servant of the master, even though the one employing or accepting the assistance otherwise has not authority to employ anyone or to accept any service on behalf of the master, and even though the one so employed or assisting may recover no compensation therefor from the master. A person so employed or assisting is referred to as an "emergency servant," and it has been held that the liability of the master for an injury to him is governed by the ordinary rules as to the liability of the master for an injury to a servant.

"Interest in Work. One who, in furtherance of his own interests assists the servants of another in the performance of their work, is not a trespasser, because he is lawfully in his place; he is not a fellow servant with the other servants, because he is not directly or indirectly retained or employed by the master of such servants; he is not a mere volunteer, because he does the work to further his own

interests or those of his master. Therefore, the master of such other servants is liable to him for injuries received as a result of their neglect or misconduct, and the fellow servant rule is not applicable. This is so, even though the service is not wholly voluntary, but is induced by the request of a servant in defendant's employ."

The general nature of appellee's pleading is illustrated by the following excerpt therefrom: "That said defendant by and through his employee, agent, and representative Nance was negligent in inviting and requesting that plaintiff assist him in operating said ice and said machinery, evidently knowing that plaintiff was inexperienced in the handling of same; that plaintiff had never had any experience in handling such machinery and undertook to assist said Nance in performing said duties so invited and requested of him as a matter of courtesy and assistance."

The testimony at least raises the issue that appellee's cause of action had its beginning in an affirmative act of negligence, sufficient in law to constitute an active trespass as distinguished from a mere passive one. The former supports venue in the county of its occurrence; the latter does not. See English v. Miller (Tex.Civ.App.) 33 S.W.(2d) 477; Goodrum v. Hobbs (Tex.Civ.App.) 60 S.W.(2d) 298, 299; McCrary v. Coates (Tex.Civ.App.) 38 S.W. (2d) 393. The mere presence of proof of a passive trespass, which concurring with an active one causes the injury, does not change the rule. Page v. Schlortt (Tex. Civ.App.) 71 S.W.(2d) 886, 888. We quote from the last case (71 S.W.(2d) 886, at page 888):

"The instant case is more nearly analogous to the case of Texas Hardwood Co. v. Moore (Tex.Civ.App.) 235 S.W. 630, 631, wherein a minor was employed to work in a sawmill, and in the discharge of his duties the log car was brought up and the logs unloaded on the deck and were negligently stacked on the deck by scotching or propping the one lying next to the edge. The boy was told by the men in charge to push the empty log car so that it would return to the log yard, and when he did so the jar caused the log lying on the edge to roll off the deck onto and over the boy, causing his injury. It was held that: 'We do not understand that all of the concurring acts entering into and creating a cause of action must be "wrong-

ful acts willfully or negligently committed," in order to constitute a trespass. It is sufficient if the cause of action has its beginning in an affirmative negligent act but for which the injury complained of would not have been sustained. Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Connor v. Saunders, 81 Tex. 633, 17 S.W. 236; Austin v. Cameron & Co., 83 Tex. 351, 18 S.W. 437; Stewart v. Nichols & Haralson, 36 Tex.Civ.App. 354, 82 S.W. 339; Baldwin v. Richardson, 39 Tex.Civ.App. 348, 87 S.W. 353; Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618.'

"See, also, Claer v. Oliver (Tex.Civ. App.) 62 S.W.(2d) 354, and Goodrum v. Hobbs (Tex.Civ.App.) 60 S.W.(2d) 298, 299, in which case it was alleged that the defendant negligently permitted a cable on the steam shovel to become worn, and that in handling gravel with it the employees of defendant negligently overloaded it and suddenly jerked and jarred it so that the deficient cable broke and let it fall on a truck, causing injury; and in which case this court held, as follows: 'In so far as appellant may have negligently permitted the cables operating the shovel to become weakened, his conduct was merely an act of omission and without the scope of the statute. Austin v. Cameron & Co., 83 Tex. 351, 18 S.W. 437, and Lawless v. Tidwell (Tex.Civ. App.) 24 S.W.(2d) 515, cited by appellant. If, however, his employees negligently operated such shovel over appellee's truck in such manner as to damage such truck, such conduct, we think, constituted affirmative or active negligence, coming within the purview of subdivision 9 of said statute. * * *'

"This court further recognized the rule that when the passive and active negligence are so related that the acts of passive and active negligence concur in causing the injury, the concurrent negligent acts become a trespass within the meaning of the term as used in the venue statute."

Here the proof sufficiently raised an issue that appellant directed an inexperienced young man to perform a dangerous task without warning of the danger. He was given the more dangerous of two positions, appellee's agent taking the lesser. In the Texas Hardwood Case, supra, 'the facts are not essentially different.

Enough has been stated to demonstrate, we think, that appellee has proven a better case than he pleaded, and that this

case is apparently one where venue may be both pleaded and proven, though the present record does not sufficiently sustain venue in Coleman county.

Reversed and remanded.