## FARMER v. WILLIAMSON et al.
### No. 10871.

Court of Civil Appeals of Texas. Galveston.
Sept. 28, 1939.

A. R. Rucks and Robt. M. Lyles, both of Angleton, for appellant.

Allen, Helm & Jacobs, of Houston, for appellees.

GRAVES, Justice.

J. E. Farmer appeals from an order of the district court of Harris County overruling his plea of privilege to be sued in Brazoria County, where he resided, on a

cause of action filed against him in Harris County along with E. M. Ross, who resided there, by C. E. Williamson, wherein the latter alleged that the two named defendants had acted together, to his damage in the sum of $1,120.80, in bringing about the breach of a contract he had with Farmer to build him a store in Brazoria County, the specific averments against Ross being that he had induced Farmer to breach such contract, in consequence of which the two defendants had become joint tortfeasors against Williamson.

Such was the gist of the issues joined by the parties, not only by the stated filing of the petition and the plea of privilege in response thereto, but also on the subsequent presentment of a controverting affidavit by Williamson and the hearing of the matter on oral evidence adduced, pursuant to which the appealed from order was entered.

The venue as so laid in Harris County was predicated upon subdivisions 4 and 29a of R.S. Article 1995, Vernon's Ann.Civ.St. art. 1995, subds. 4, 29a, and the answering plea of privilege was in statutory form in all respects, duly conforming to R.S. Article 2007.

Without further statement, it is apparent, under our recent decisions, such as Elliott Jones & Co. v. M. K. Towns Production Co., Tex.Civ.App., 283 S.W. 246, Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, and Sisco v. Sklar, Tex.Civ.App., 113 S.W.2d 999, that the controlling venue fact involved was whether or not the appellee Williamson had both alleged and proved in the requisite way a bona fide cause of action against E. M. Ross, the defendant resident in Harris County.

The rule of law applicable was thus stated by this court in the Elliott Jones & Co. v. M. K. Towns Production Co. case, cited supra:

"In order to maintain suit against joint defendant over its plea of privilege * * * to be sued in county of its domicile, burden is on plaintiff to make prima facie showing of bona fide cause of action against other defendant having its domicile in county where suit was brought."

Subsequent holdings of our Supreme Court have descended to the further particular of declaring that the burden so laid upon the plaintiff in such a case of both alleging and fully proving the essential venue facts, must be met by proof in the usual way, not prima facie only. Compton v. Elliott, supra.

This court, after a careful review of this record, fails to find that there was any such proof of the allegations that E. M. Ross, the Harris County resident, upon whom the maintenance of the venue there was dependent, had induced the appellant to breach his contract with the appellee, either by word, deed, or actions.

The reiteration by the appellee in his controverting affidavit to the plea of privilege that Ross acted in concert with, persuaded, and induced the appellant to the extent that he acted at Ross' instance in so breaching his contract, did not constitute evidence of that result, however sufficient it may have been as an averment thereof; indeed, since there was no other testimony received than that of the appellee himself, it alone must be looked to for substantiation of the charge thus made; when it is deleted of merely collateral and immaterial features, the substance of it as to Ross' actual connection with the transaction is thought to be reflected in these quotations therefrom:

"I called Mr. Farmer first and he told me that he wasn't quite ready. I didn't hear from him and I went down to West Columbia and found that he had a floor plan submitted by Mr. Ross for approval. I asked him why he got him to make a plan and he didn't give me a satisfactory answer, but anyway he just thought he would get an architect, he said, and I said, 'you are just out that much expense; I wouldn't have charged you anything for the plan, but that is alright with me if you want to do that'; but I came back to Houston and called Mr. Ross and told him Mr. Farmer had given the job to me and if he wanted to make the plan it was alright with me, but that he had already given me the contract; I went to Mr. Ross' house and told him that I didn't figure to lose that job. He went on and finished the plan and advertised for bids on it."

"I was down at West Columbia when the bids were let down there. At that time I handed Mr. Farmer an estimate of what I considered to be the price, a fair contract price of constructing the building on the plan made by Mr. Ross.

"If Mr. Ross wanted to make the plan it was alright with me but I told him at

the time that I had that job before he filed the plan.

"I am not a licensed architect and make no charge for the plans."

"It was about two weeks from the time I went to Mr. Ross and advised him I had the job and wouldn't give it up to the time that he advertised and let the bids."

This seems a far cry from showing that Ross was a co-conspirator or a joint tort-feasor with the appellant in having knowingly been the inducing cause of appellant's having breached his building contract with the appellee; on the contrary, it would seem at most to have brought out that Ross was an architect, had been employed by appellant to draft plans for the proposed building, and to receive bids thereon as an incident to that employment; that subsequent to such employment the appellee advised him that he himself claimed to have the contract with appellant to construct the building, stating his own attitude in that connection in this language: "If Mr. Ross wanted to make the plan it was alright with me, but I told him at the time that I had the job before he filed the plan."

It may be ever so undisputed that appellant did breach his contract with the appellee, but it is a non sequitur to conclude that Ross was responsible therefor in the absence of any testimony—even of the appellee himself—to that effect; Ross' mere employment to draft the plans and receive the bids, standing alone, and that is all in ultimate purport the appellee testified to, has no probative force towards showing that he went further and actually induced the appellant to renege on his undertaking with the appellee.

The record seems further to conclusively if not undisputedly indicate that this employment of Ross to draw the plans and receive the bids had not only been made but undertaken by him to be carried out prior to his having been notified of the appellee's claiming to have a contract to construct the building.

Consequently, it is determined that the necessary proof for maintenance of the venue as laid in Harris County was lacking; the order therefore will be reversed, and the cause remanded to the trial court, with instructions to transfer it to the district court of Brazoria County.

Reversed and remanded with instructions.