## RENGER v. BOLAND et ux.

### No. 10907.

Court of Civil Appeals of Texas. Galveston.
Nov. 29, 1939.

Paul C. Boethel, of Hallettsville, for appellant.

No brief filed herein for appellees.

GRAVES, Justice.

Everett Renger appeals from an order of the County Court at Law of Harris County overruling his plea of privilege to be sued in Lavaca County, where he resided, on a cause of action filed against him in Harris County along with J. W. Bettis, who resided there, by A. T. Boland and wife, wherein the latter alleged that the two named defendants, acting together, had entered into and carried out a conspiracy to defraud the plaintiffs and thereby deprive them of the possession and right to possession of certain dental equipment of the value of $854; that the plaintiffs had delivered such property into the possession of J. W. Bettis for his use while attending the Texas Dental College in the City of Houston, along with his co-defendant, Everett Renger; that the two defendants so acting, conspiring, and colluding together, with the design and purpose of depriving plaintiffs of such property and its value, although they each and both at all times well knew the same belonged to plaintiffs and had only by them been so delivered into the possession of J. W. Bettis at Houston in Harris County in the nature of a loan to enable him to better pursue his course as a dental student at such college, conceived and carried out the joint

and fraudulent scheme of removing said property, without the knowledge or consent of plaintiffs, to Hallettsville, Lavaca County, Texas, and placing same in the office there of the defendant Renger, where it was still held and being used by the latter; that the defendants had each and both refused to recognize plaintiffs' continued ownership and right to possession of such property, had declined to return it to them, and had damaged the same already in the sum of $100; they further sought judgment jointly and severally against both defendants for possession of the property, together with recovery of the damage already so done thereto.

The defendant Renger, in response to such suit against him in Harris County, filed his plea of privilege to be sued in Lavaca County, the county of his residence, and, to quote his own language in his brief, "alleged that he was an innocent purchaser for value, and that said suit was instituted in Harris County and said J. W. Bettis was joined as a party defendant for the express purpose of conferring venue on the Harris County Court at Law, that plaintiff Mrs. A. T. Boland and defendant J. W. Bettis, as mother and son, had colluded, conspired, and contrived together in the facts stated in plaintiffs' petition to make J. W. Bettis a necessary party to the suit to compel the appearance and answer of the defendant Everett Renger in a court outside the county of his residence."

Such is the gist of the issues joined by the parties, not only by the stated filing of the petition and the plea of privilege in response thereto, but also on the subsequent presentment of a controverting-affidavit by Boland and wife, and a hearing of the matter on oral evidence adduced, pursuant to which the appealed-from order was entered.

The venue as so laid in Harris County was expressly predicated upon Subdivision 4 of R.S. Article 1995, and the answering plea of privilege was in statutory form, duly conforming to R.S. Article 2007.

■ Without further statement, it is apparent under our recent decisions, such as Elliott Jones & Co. v. M. K. Towns, Tex. Civ.App., 283 S.W. 246, Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, Sisco v. Sklar, Tex.Civ.App., 113 S.W.2d 999, and Farmer v. C. E. Williamson et al., Tex.Civ.App., 131 S.W.2d 973, that the controlling venue-fact involved was whether or not the appellees, Boland and wife, had both alleged and proved in the requisite way a bona fide cause of action against J. W. Bettis, the defendant resident in Harris County.

■ The rule of law applicable was thus stated by this court in the Elliott Jones & Co. v. Towns case, cited supra: "In order to maintain suit against joint defendant over [his] plea of privilege * * * to be sued in county of [his] domicile, burden [of proof] is on plaintiff to make prima facie showing of bona fide cause of action against other defendant having [his] domicile in county where suit was brought."

Subsequent holdings of our Supreme Court have descended to the further particular of declaring that the burden so laid upon the plaintiff in such a case of both alleging and fully proving the essential venue-facts, must be met by proof in the usual way, not prima facie only; Compton v. Elliott, supra.

This court, after a careful review of this record, fails to find that there was any lack of such proof of the recited allegations in all respects as made; especially is there no showing here—as against the presumed finding the other way from the judgment of the trial court—that J. W. Bettis, the Harris County resident, did not so act in collusion, fraud, and conspiracy with the appellant in knowingly procuring the property for the purpose for which it had been entrusted to him, and, in pursuit of their joint design, further acted with him in removing it from Harris County to the residence of the latter in another county, with the objective of depriving such owners of the value thereof.

Neither is there presented any showing to the effect, as appellants' quoted pleading asserts, that the appellee, Mrs. Boland, and J. W. Bettis had fraudulently conspired to and had caused the suit to be filed against appellant in Harris County merely to deprive him of the right to answer the same in Lavaca County; upon the contrary, the presumed finding of the trial court is the other way, and no sufficient attack has been made thereon through this appeal.

■ Indeed, while the appellees prescribed venue in Harris County under Subdivision 4 of Article 1995 only, in the stated condition of the record, it is not perceived why they might not also have relied on Subdivision 9 of that statute; Rotan v. Maedgen, 24 Tex.Civ.App. 558, 59 S.W. 585, 586, Baldwin v. Richardson, 39 Tex. Civ.App. 348, 87 S.W. 353, 354; Littlefield State Bank v. Moore, Tex.Civ.App., 257 S. W. 1007.

These conclusions require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.