**J. R. MITCHELL, Appellant,**

v.

**Pat WEATHERFORD, Appellee.**

No. 15640.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 23, 1955.

L. W. Sampson and Tom McMurray, Decatur, for appellant.

Nolen L. Sewell, Decatur, for appellee.

RENFRO, Justice.

This is an appeal from an order of the District Court of Wise County sustaining a plea of privilege filed by appellee Weatherford.

On June 3, 1954, at about 11:10 P. M., a car driven by appellee struck J. S. Mitchell, a thirteen year old boy, inflicting injuries, from which he died approximately two hours later. Suit was brought by J. R. Mitchell, father of the deceased, for damages.

Appellant, in his petition and controverting affidavit, alleged numerous acts of negligence on the part of appellee, and on appeal urges venue should be retained in Wise County under Article 1995, subdivision 9a, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 9a, because, he alleges, he established that appellee was driving while intoxicated, failed to keep a proper lookout, and was driving at an excessive rate of speed.

Only two witnesses testified. The appellant testified he reached the scene of the unfortunate occurrence about 11:30 P. M. and appellee told him he had run over the boy, and, in answer to a question from appellant, appellee stated that he had been drinking.

A highway patrolman, called by the appellant, testified that he talked to appellee at the hospital soon after the accident; appellee voluntarily told him that after leaving work at 10:00 o'clock he had drunk two cans of beer. The witness further testified he did not find any physical evidence of any kind or character that justified filing a criminal complaint against appellee.

Under the above testimony, we must uphold the implied finding of the trial court that appellee was not intoxicated.

We must also uphold the trial judge's implied finding that the appellee did not fail to keep a proper lookout. The patrolman testified appellee told him he was going toward the lake (west) when he ran over the boy, he was driving on the north side of the road, and when he saw the boy he was in a prone position on the right hand side of the highway and near the center of the paved section of same. The officer testified it was approximately 48 feet from the place where the boy was struck to the position where his body came to rest; that looking west from where the body of the deceased came to rest, visibility was 300 or 400 yards, with a 15% upgrade; and there was no evidence that appellee was driving on the wrong side of the road.

From the record, we cannot say the trial court's finding that appellee did not fail to keep a proper lookout is without support in the evidence.

As we understand appellant's contention, it is his position that he established excessive rate of speed on the part of appellee by showing the boy's body came to rest approximately 48 feet from the place of contact.

The patrolman testified there was nothing at the scene of the accident to indicate appellee had been speeding, there was no physical damage to the car, and there were no skid marks. The witness found a piece of the boy's shirt underneath the car close to the left hand side. The evidence is silent as to whether the body was carried, dragged or knocked the distance above indicated.

Where the evidence does not so greatly preponderate in favor of the plaintiff as to indicate that the finding of no negligence was the product of bias, then it is the duty of the appellate court to affirm the judgment of the trial court sustaining the plea of privilege. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

The judgment of the trial court is affirmed.