Leonard **DENTON** et al., Appellants,

v.

**L. D. BENNETT** et al., Appellees.

No. 16400.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 25, 1963.

Rehearing Denied March 1, 1963.

Fannin & Fannin, and Oliver W. Fannin, Jr., and H. J. Loe, Fort Worth, for appellants.

W. J. Durham, Dallas, and L. Clifford Davis, Fort Worth, for appellees.

RENFRO, Justice.

Appellant Denton and some other members of Baker Chapel African Methodist Episcopal Church of Fort Worth brought suit against the trustees of said Church to have declared invalid a vendor's lien note and deed of trust theretofore executed by

the trustees in connection with the purchase of a parsonage for the Church. The appellants also sought a permanent injunction against the holder of the note prohibiting her from attempting to collect such note.

It was alleged that the purchase of the parsonage and creation of the indebtedness was without authority of the congregation and in violation of both civil law and the controlling law of the Church as expressed in its A. M. E. Discipline.

After a lengthy trial before the court without a jury, all relief asked by appellants was denied.

On appeal, appellants contend the court erred in holding that the action of the trustees of the Baker Chapel A. M. E. Church in purchasing the parsonage, executing a note and deed of trust was within the scope of their authority.

The court was not requested to make findings of fact and conclusions of law.

The judgment, however, recited that "the general church, African Methodist Episcopal Church, adopted written rules and regulations governing the affairs of the general church, and the Baker Chapel African Methodist Episcopal Church, known and designated as the '1960 Edition Book of Discipline of the African Methodist Episcopal Church' and that said Book of Discipline * * * provides: 'Duties of Trustees 1. The trustees shall manage all the temporal concerns of the Church not otherwise provided for, and shall have a treasurer of the Board elected by the Board. 4. They shall procure by purchase or hire a house for the preacher's family and also comfortably furnish it for them and pay the expense of moving thereto.' That each of the above and foregoing provisions of said Book of Discipline were valid, binding and subsisting rules and regulations of the general church and the Baker Chapel African Methodist Episcopal Church at all times material to this suit"; that the trustees involved were the duly elected, qualified and acting trustees of the local Church as of the date of the execution of the note and deed of trust; "that the church membership of Baker Chapel AME Church at a church conference held in accordance with the discipline on October 2, 1958, empowered the trustees to look out for and enter negotiations to purchase a parsonage; that the church membership of Baker Chapel AME Church, at a church conference held in accordance with the discipline on July 18, 1960, empowered the trustees to continue to look out for and make purchase of a parsonage; that at a quarterly conference held at Baker Chapel AME Church, in accordance with the discipline on December 12, 1960, said quarterly conference endorsed the authority given the trustees of Baker Chapel Church by the church conferences to purchase a parsonage; that said action of the church membership of Baker Chapel AME Church at the church conferences and the quarterly conference authorized the trustees to purchase a parsonage; that said trustees, acting under authority granted by the church membership of Baker Chapel AME Church and endorsed by the quarterly conference of Baker Chapel AME Church, did look out for, enter negotiation for, and purchased on January 5, 1962, a parsonage for the minister of said Baker Chapel AME Church; * * * that the action of the trustees of Baker Chapel AME Church in purchasing a parsonage at 1037 Morningside Drive, Fort Worth, Texas, for the minister, and purchasing furniture for said parsonage, was within the scope of their authority and duty, and was in accordance with the discipline of the Baker Chapel AME Church and of the African Methodist Episcopal Church."

■ The court, as trier of the facts, was, of course, the sole judge of the credibility of the witnesses and the weight to be given their testimony.

Much of the evidence was uncontradicted; some was contradicted. Some of the testimony was confusing and indefinite.

The court was not bound by testimony of any one witness but could accept all,

part, or none thereof, or he could accept part of the testimony of one witness and part of another, or draw his own deductions from all the evidence.

An appellate court will not disturb the findings of the trial court if there is some evidence of probative value to support same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate conclusion that is favorable to him. Googins v. E. W. Hable & Sons, Tex.Civ.App., 237 S.W.2d 705.

Viewing the evidence in the light most favorable to the judgment, there was evidence of probative value to uphold the finding and conclusion that the trustees acted within the scope of their authority.

Judgment affirmed.