**Noble HOLT, Appellant,**

v.

**CITY OF LUBBOCK, Appellee.**

**No. 3970.**

Court of Civil Appeals of Texas.

Eastland.

April 16, 1965.

502

James F. Moore, Lubbock, for appellant.

Fred O. Senter, Jr., City Atty., Don W. Reed, Asst. City Atty., Lubbock, for appellee.

COLLINGS, Justice.

Noble Holt brought suit in Bailey County against the City of Lubbock and M. F. Hollis for damages. Plaintiff's claim was based in part upon a contract and also sought to recover damages from both defendants because of an alleged trespass on land situated in Bailey County. The court sustained the plea of privilege of the City of Lubbock to be sued in Lubbock County and Noble Holt has appealed.

Appellant presents three points contending that the judgment should be reversed because the court (1) erred in holding appellant did not prove that a trespass had been committed by the City of Lubbock in Bailey County, as contemplated by subdivision number 9, of Article 1995, Vernon's Ann.Tex.Civ.St., (2) erred in holding that the defendant M. F. Hollis, was not a necessary party to the law suit as contemplated by subdivision 29a and (3) erred in holding that the case does not concern damages to land in Bailey County as contemplated by subdivision 14.

The record shows that appellant by warranty deed dated June 20, 1961, acquired the surface and a portion of the oil, gas and minerals under league number 206, Ochiltree County School lands in Bailey and Lamb Counties subject to all water rights thereon except for domestic use which water rights had previously been conveyed to the City of Lubbock. The major portion of such water rights was conveyed to the City by one L. A. Purtell by an instrument dated December 26, 1953, which, among other things, provided:

"* * * The owner of said water rights, his heirs, successors or assigns shall pay three and no/100 ($3.00) Dollars per acre per year for all ground surface occupied by housing facilities, fenced enclosures and roads constructed and used by such owner, and said owner, his heirs, successors and assigns shall pay for damages to any surface property proximately caused by any operations or activities on said land by the owner of said water rights, his agents or employees, for which no payment otherwise provided herein, and * * *."

The above provision of the contract is asserted by appellant to be the basis of his suit for damages against the city, but appellant's pleadings joined this contract cause of action and tort trespass cause of action based upon an alleged refusal by an employee of the city to allow appellant and prospective purchasers to enter upon the surface of the land in question so that appellant could show the land for the purpose of sale.

It is undisputed that prior to the purchase of the surface estate of the land by appellant the City of Lubbock had begun development of water rights by constructing roads, drilling wells and placing other appurtenances on the surface of the land; that the city built roads and drilled nine (9) wells in Bailey County while appellant owned said land; that the city tested the wells drilled, and equipment was on and off the

roads, and water and sand filled the pits, and followed the natural terrain filling the depressions with sand; that the city cut into the sand hills in laying the water lines, causing sand to blow on appellant's land in Bailey County. Appellant contends that each of the facts above set out constitutes a trespass. However, according to the terms of the water right contract appellee's employees had made calculations to determine the total area occupied by roads, wells and other appurtenances, and the areas damaged by reason of such facts and conditions and because of the sandy character of the land; such calculations were, in compliance with the contract, made on a yearly basis, and at the end of each year the owner of the surface estate was paid according to the contract provisions for both the land occupied and the land which had been damaged by reason of the activities on the surface; that during the period of time appellant owned the surface estate, (he sold his interest in the surface on July 17, 1962), appellee undertook to construct new roads and wells on the land; that calculations were made for the area occupied and damaged during the time appellant owned the land and appellant was tendered a check dated December 14, 1962, in the sum of $658.80 for 11.6 acres occupied and 52.2 acres damaged as contemplated by the contract agreement. Such check had not at the time of the trial been cashed by appellant.

Appellant's causes of action based on alleged trespass or trespasses were occasioned by the alleged action of M. F. Hollis, an employee of the city, in prohibiting appellant and prospective buyers from going upon the surface of the land in question. Appellant alleged that on or about September 1, 1961, and on or about September 1, 1962, Hollis caused all gates leading into the land to be locked and refused to give the keys to appellant, and thus, denied him ingress and egress to said property.

After hearing, the court sustained the plea of privilege holding that appellant failed to establish a case founded on trespass; that the alleged cause of action for damages to the surface of the land was covered by contract and that the contract alleged and shown does not provide that damages thereunder are to be paid in Bailey County.

Subdivision 14 of Article 1995, V.A.T.C.S. provides that "Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie." To maintain venue in a given county under the provisions of the above exception a plaintiff has the burden of showing (1) that the nature of the suit comes within the terms of the statute and (2) that the land is situated in the county in which venue is claimed. The allegations of the plaintiff's petition determine the question of whether the nature of the suit complies with the statute. Oakland Motor Car Co. v. Jones, Tex.Civ. App., 29 S.W.2d 861, (Mandamus denied); Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518, and cases cited therein. As heretofore noted, one of the causes of action asserted by appellant was based upon the provisions of an instrument conveying the water rights on the land in question to the City of Lubbock. The city had the right under the contract to do the things for which appellant seeks to recover damages. However, it was provided in such instrument that the city would pay damages to the owner of the surface for all ground surface occupied, used or damaged by the city in connection with the activities and operations on said land by the owner of said water rights. Appellant asserts not only in his pleadings but on appeal that this provision of the contract constitutes the basis of his suit against the city for such damages. Appellant's cause of action in this respect is not based upon trespass or negligence by the city, but upon the alleged failure of the city to comply with the contract. In our opinion such cause of action is for a breach of contract and not a tort action for damages to realty contemplated by subdivision 14. Appel-

lant's contention that the court erred in holding that the case does not concern damages to land in Bailey County is overruled. Houston Lighting & Power Co. v. Jenkins, Tex.Civ.App., 5 S.W.2d 1030; Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508; Butler v. Lopez, Tex.Civ. App., 367 S.W.2d 868.

■ Appellant's contention that the court erred in holding that appellant did not prove that a trespass had been committed by the City of Lubbock in Bailey County as contemplated by subdivision 9 of the venue statute is also overruled. Under subdivision 9 the burden rested upon appellant as plaintiff not only to allege but also to prove the facts relied upon to bring the case within such exception. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. In appellant's pleadings he alleged that the City of Lubbock was guilty of trespass or trespasses on his land in Bailey County, the first of which occurred on or about September 1st, 1961 and the second on or about September 1st, 1962. The alleged trespasses were stated to have been occasioned by M. F. Hollis, an employee of the city refusing to allow appellant and prospective buyers to enter upon the surface of such land. Appellant alleged that Hollis caused all gates leading into the land to be locked and that he refused to give keys to appellant and thus denied him ingress and egress to said property. In support of the judgment it must be presumed that the court found that appellant failed to establish a case founded on trespass. To disturb the judgment appellant therefore has the burden of showing that such trespass has been conclusively established. In our opinion appellant has failed to meet this burden.

■ To begin with the evidence relied upon by appellant to show such a trespass is his own testimony, and since he is an interested witness it could not conclusively establish the trespass but could only raise a fact issue. Such issue has been adversely determined by the trial court. We have examined the evidence and also are of the opinion that appellant's testimony does not raise a fact issue on the question. Appellant testified that he became acquainted with Mr. Hollis and told him that he had traded for the land in question and asked Hollis to let him go upon the property; that Hollis stated he was not supposed to let anybody in, but that when he told Hollis "he had a contract of sale on it" Hollis finally agreed to let him in. At that time Mr. Holt by his own statement did not own the land but merely had a contract to buy. Appellant's testimony, in effect, was that for a period of 30 days after he obtained the contract to purchase the property he did not have a key but from that time on he had a duplicate key and had several copies of the key made and gave them to various people to go onto the land. At the time of the second alleged trespass on September 1, 1962, appellant admitted that he had duplicate keys and that he had signed a contract to sell the property prior to the time his testimony showed that a prospective purchaser was denied entry.

■ We also overrule appellant's point urging that the court erred in holding "that the defendant, M. F. Hollis, was not a necessary party to the law suit." Under this point appellant is apparently attempting to show that the court erred in failing to sustain venue in Bailey County by reason of subdivision 29a of Article 1995, V.A.T.C.S. Subdivision 29a provides that:

> "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

To maintain venue under this subdivision a plaintiff has the burden to prove that venue asserted in a particular county is proper as to one defendant and that the other was joined as a necessary party. A necessary party as used in subdivision 29a is a party whose joinder is necessary to afford a plain-

tiff the full relief to which he is entitled in the suit which he is entitled to maintain against another defendant in the county where suit is brought. Actually, as indicated in the consideration of appellant's claim to venue under subdivision 9, appellant has not established his cause of action alleged against Hollis. But, even if it could be held that appellant had established a cause of action against Hollis in Bailey County, still it is not shown that the City of Lubbock was a necessary party to the suit against Hollis. Under appellant's allegations any liability of the city would be as a joint tort-feasor with Hollis and appellant could be afforded the full relief to which he was entitled in his suit against Hollis even though the City of Lubbock was not a party thereto. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900.

The judgment is affirmed.