**L. H. JONES, Appellant,**

**v.**

**PHILCO DISTRIBUTORS, INC., et al.,**
**Appellees.**

**No. 16835.**

Court of Civil Appeals of Texas.

Fort Worth.

May 26, 1967.

Rehearing Denied June 23, 1967.

Joe E. Shaddock, Wichita Falls, for appellant.

Hill, Paddock & Street, and John G. Street, Jr., Fort Worth, for appellees.

OPINION

LANGDON, Justice.

This is an appeal from an order sustaining pleas of privilege filed by defendants, Philco Corporation, a foreign corporation. authorized to do business in Texas, and Philco Distributors, Inc., a Texas corporation.

Plaintiff, L. H. Jones, brought suit for water damage to his home. He alleged that a washing machine manufactured by defendant Philco Corporation and sold by defendant Philco Distributors, Inc., malfunctioned and overflowed, causing extensive

damage to his house, floors, and furniture. That such malfunction constituted a breach of express and implied warranty on the part of both defendants. That defendants were negligent in using defective parts and material in the construction of the washing machine and in marketing it with such defects latent in its construction.

■ The appellant contends that the trial court erred in sustaining defendants' pleas of privilege, since plaintiff proved venue was properly laid in Wichita County, Texas, under Subdivisions 4, 23, 27 and 29a of Article 1995, Vernon's Ann.Civ.St.

We affirm.

Appellant bases this appeal primarily on Subdivisions 23 and 27 of Article 1995 V.A.C.S. which provide that suits against private and foreign corporations respectively may be brought in any county where the cause of action or a part thereof arose. Under either of these subdivisions it is necessary for appellant to prove that he has a cause of action. 14 Tex.Jur.2d 561, Corporations, Section 473.

"In support of the judgment it must be presumed that the court found that appellant failed to establish a case founded on trespass. To disturb the judgment appellant therefore has the burden of showing that such trespass has been conclusively established." Holt v. City of Lubbock, 390 S.W.2d 500 (Tex.Civ.App., 1965, no writ hist.).

This court must find that appellant conclusively established a cause of action before it could reverse the judgment of the trial court.

In Mitchell v. Weatherford, 282 S.W.2d 727 (Tex.Civ.App., 1955, no writ hist.), it was stated: "Where the evidence does not so greatly preponderate in favor of the plaintiff as to indicate that the finding of no negligence was the product of bias, then it is the duty of the appellate court to affirm the judgment of the trial court sustaining the plea of privilege. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97." And in McGough v. Massey-Ferguson, Inc., 384 S.W.2d 154 (Tex.Civ.App., 1964, dism.) it was said: "Upon a hearing, the court sustained Massey-Ferguson, Inc.'s plea of privilege. McGough has appealed. To obtain a reversal, appellant is required to show that his right to maintain the suit in Eastland County against Massey-Ferguson, Inc. was conclusively established under some exception to Article 1995."

In a case of this-nature·the plaintiff must rely on negligence, express warranty or implied warranty. There is no evidence of negligence or express warranty. Thus, here the appellant must rely solely on implied warranty.

■ The cases cited by appellant relating to implied warranty hold in effect that in order to recover on this theory it is necessary to establish that there was a defect in the object sold. Dean Page Keeton of the University of Texas School of Law, in an article entitled Products Liability—Liability Without Fault and the Requirement of a Defect, 41 Texas Law Review 855 at page 858, said: "The principle of strict liability has been regarded as applicable only when the product leaves the manufacturer's hands in a defective condition. Liability on the basis of an implied warranty or breach of a tort duty independent of the contract is not so strict or absolute as to justify a recovery on the part of a user who merely shows that an injury was suffered in the course of a use or shortly thereafter. Regardless of how beneficial and desirable a particular product might be, and even though no method is known to make it safer for use than it is, injuries from its use will occur, sometimes because of misuse of it, and occasionally even when it is used exactly as it was intended to be. Everyone, therefore, would recognize that a manufacturer or other seller should not be responsible for any and every hurt that a user or one in the vicinity of use suffers. Therefore, courts that impose strict liability eliminating negligence as a requirement for re-

covery must adopt some rules or principles as a substitute for negligence as a delimiting principle. The method employed to date is the requirement that there must have been a defect in the product as it left the hands of the manufacturer."

 We find no evidence in this record which would compel a finding on the part of the trial court that there was a defect in the machine as it left the manufacturer. Appellant called only two witnesses, himself and Mr. Clyde Lane, a mechanic who worked on his washing machine. Lane was not an employee of Philco but of Fedway stores which sold Philco appliances. Fedway was not a party to the suit nor was Lane. The witness Lane testified that (1) he tested the fill-switch and so far as he could tell it was working; (2) he did not know what caused the machine to overflow; (3) other things than a defective fill-switch can cause an overflow, such as dirt or trash in the water line or high compound. He distinguished between a malfunction of a machine and a defective machine. In considering the testimony of this witness it is apparent that he has no opinion as to what did cause the overflow as distinguished from an opinion as to what kinds of things have been known to cause overflows in washing machines. He did not discover any defect in the machine that could have contributed to the overflow. In summary this witness testified that the overflow could have been caused by a defect but that he found none and that other things could have caused the overflow.

 The application of Subdivision 4 was not briefed and thus was waived. 4 Tex.Jur.2d 166, § 658, waiver of assignments of error, and points by failure to brief. This subdivision, relating to defendants in different counties, would not apply under facts of this case in any event as both defendants claimed to reside in Dallas County and there was no evidence to the contrary.

 "A necessary party as used in subdivision 29a is a party whose joinder is necessary to afford a plaintiff the full relief to which he is entitled in the suit which he is entitled to maintain against another defendant in the county where suit is brought." Holt v. City of Lubbock, 390 S.W.2d 500 (Tex.Civ.App., 1965, no writ hist.). In the latter case the court stated that since the defendants would be at most joint tort feasors the plaintiff could recover all of his damages from either one of them without the other being in the case. In the suit at hand plaintiff has sued both defendants jointly and severally. In the event he recovered a judgment against both defendants he would be entitled to recover his full judgment from either of them.

Thus, neither of the appellees in this case is a necessary party under Subdivision 29a.

The appellant's point of error is overruled and the judgment of the trial court is in all things affirmed.

Affirmed.