**Herbert GRAY et al., Appellants,**

**v.**

**GULF OIL CORPORATION, Appellee.**

**No. 16841.**

Court of Civil Appeals of Texas.

Fort Worth.

June 16, 1967.

King & Massey and Marion L. Massey, Fort Worth, for appellants.

Cantey, Hanger, Gooch, Cravens & Scarborough and Estil Vance, Jr., Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from an order sustaining a plea of privilege. The appellant, Herbert Joe Gray, a minor age 13, was injured in an accident which occurred in Hood County on a farm owned by his father, Herbert Gray, when he was struck by a falling diesel fuel storage tank. Virgil Bird, driver of a bulk tank truck, owned by W. R. Summers, a Gulf Oil Products dealer, had mistakenly put gasoline in the diesel fuel storage tank owned by Mr. Gray and with the assistance of Herbert Joe Gray was draining the tank when the accident occurred.

In the process of draining it, the storage tank had been tilted forward and a block had been placed by appellant, Herbert Joe Gray, under the cross-bar of the tank stand to prevent its falling. The testimony was conflicting regarding whether or not the stand or platform of the storage tank was resting against the truck. Bird testified that it was resting against the truck. Appellant, Herbert Joe Gray, stated initially that there was some space between the truck and the stand. Subsequently, he stated that he was not sure whether or not there was any space between the two.

Bird had been present at the location of the accident for approximately thirty minutes and the tank had been tilted at least ten minutes when the accident occurred. The brakes of the truck were set and the truck's motor was not running. The truck was absolutely still, except for the possible vibrations resulting from Bird's movements on the truck. Bird testified that the truck could not have moved backwards, but instead only forward, if it

moved at all, and he had no knowledge of any movement by the truck. The appellant, Herbert Joe Gray, testified he had no knowledge of any movement by the truck. Bird testified that both of the front legs of the tank were on the ground, that it seemed to be sitting pretty steady, and that he had no idea that the tank was going to fall. There was no testimony or other evidence introduced at the plea of privilege hearing regarding the actual cause of the fall of the tank. Both Bird and appellant, Herbert Joe Gray, denied any knowledge of the actual cause of the fall. Bird shouted a warning to appellant, Herbert Joe Gray, just as the tank began falling, and the latter started to run but was unable to avoid being struck by the tank.

Appellants, Herbert Joe Gray and Herbert Gray, testified that Bird stated after the accident that it was his fault. Bird was not present at the plea of privilege hearing and therefore did not testify in person at that time. His deposition, in its entirety, was introduced into evidence. It reflected that the attorneys for appellants did not ask Bird any questions regarding such statement. The only evidence at the hearing regarding such a statement was provided by appellants' testimony.

The appellants have relied upon the following allegations of negligence against Bird, allegedly an employee of Summers: Failure to (1) scotch the wheels of the truck; (2) to set or to (3) properly set its emergency brake; (4) failure to warn that the storage tank was falling; (5) or that it was resting against the truck; (6) to keep a proper lookout; (7) in placing the minor in a position of peril; (8) in tilting the tank, and (9) in leaning the tank so as to support it against the truck.

Both Bird and Summers reside in Hood County, Texas. The residence and principal place of business of appellee Gulf is Harris County, Texas. Alleging that Bird and Summers are employees and agents of Gulf, the appellants seek to sustain venue

of their cause against Gulf under Subdivsion 4 of Article 1995, Vernon's Ann.Tex. St.

In 1 McDonald Texas Civil Practice, 434 (1965), § 4.10.2: "Under exception 4 the venue facts are: (I) one defendant resides in the county of suit; (II) the party asserting his privilege is at least a proper party to the claim against the resident defendant; and (III) the plaintiff has a bona fide claim against the resident defendant." The same text at page 441 spells out the requirement of Paragraph III above, as follows: "(III) The plaintiff must plead and prove by a preponderance of the evidence each element of a bona fide claim against the resident defendant, which must be the same claim asserted against him in the controverting affidavit. This must be established by extrinsic evidence, and the petition itself is not probative on the issue. * * * It has been held that this venue fact is not established when the plaintiff, though able to prove that some one or more of the defendants had been guilty of misconduct causing damage, was unable to identify the resident defendant as being at fault."

In Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936), the Texas Supreme Court at page 1304 spells out the requirements necessary to sustain venue under Subdivision 4.

■ The single assignment of error is not based on insufficient evidence or that the court's decision is contrary to the overwhelming weight and preponderance of the evidence. Thus, the single question to be resolved by this court is whether or not the appellants have conclusively alleged and proven, as a matter of law, every material fact issue required of them in order to maintain venue of their suit against the appellee in Hood County, Texas, under said subdivision. The appellants have demonstrated only that there was some evidence in the record as to necessary fact issues upon which the trial court might or could have sustained venue

in Hood County. This is not sufficient to justify a reversal. No findings of fact were requested and none were made or filed by the trial court.

We affirm.

"The dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions." Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, 1064–1065 (1938). In the latter case the Texas Supreme Court in essence stated that to deprive a defendant of such right the case filed against him must clearly come within one of the exceptions contained in the statute. See also Rogers v. Fort Worth Poultry and Egg Co., 185 S.W. 2d 165 (Tex.Civ.App., 1944, no writ hist.).

" * * * the burden rests upon the plaintiff to allege and prove that the case comes within the exception." A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 621 (1939).

■ Actual proof in the usual way is required and a mere prima facie showing of a cause of action is not sufficient. Renger v. Boland, 134 S.W.2d 443 (Tex. Civ.App., 1939, no writ hist.); Farmer v. Williamson, 131 S.W.2d 973 (Tex.Civ. App., 1939, no writ hist.).

The trial court in sustaining Gulf's plea of privilege has impliedly found that the appellants failed to meet the burden of alleging and proving that the case comes clearly within the exception (Subdivision 4).

This court, in reviewing the action of the trial court, is required to test it under the rule that, "If discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to

support the finding." Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

" * * * where there are no findings of fact, all fact issues will be resolved in favor of the trial court ruling if there is any ground or probative evidence supporting it. And in determining the sufficiency of the evidence as a matter of law to support the ruling of the trial court, the reviewing court will disregard all adverse evidence and give credit to all evidence that is favorable to the successful party, indulging every reasonable conclusion that is favorable to him." 60 Tex.Jur.2d 163, § 244; 4 Tex.Jur.2d 405, § 840.

"Presumptions may be indulged on appeal respecting orders or rulings on pleas of privilege. In the absence of a contrary showing on the record, the reviewing court will presume in favor of the regularity of an order sustaining or overruling such a plea." 60 Tex.Jur.2d 166, § 245.

Under this record there was evidence upon which the court could have concluded that the truck did not move and thus the allegations of negligence and proximate cause based upon failure to set or properly set the emergency brakes or to scotch its wheels were not established. The same is true as to the allegations of proper lookout and failure to warn because Bird did warn the minor and the fact of the warning presumes maintenance of proper lookout, otherwise he would not have observed the tank falling and issued the warning. The evidence was conflicting as to whether the storage tank was against the truck for support. Since it must be presumed that the court found it was not, then it follows that failure to warn as to such alleged condition was not negligence. Under this record the court could have concluded that if Bird did state the accident was his fault, that he was referring to his mistake in placing the gasoline in the diesel fuel tank and there was no allegation of negligence based upon this mistake. The trial court was justified under this record in concluding that Bird was not negligent in

respect to any of appellants' allegations. As above reflected there was no testimony or other evidence on the hearing as to what actually caused the tank to fall.

"In a nonjury case, the trial court is the judge of the credibility of witnesses and the weight to be given their testimony, and findings of the court are entitled to the same weight and conclusiveness on appeal as the verdict of a jury. * * *

"Where there is probative evidence to support the findings and judgment, they are controlling on the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion. * * *

"In determining whether trial court findings are sufficient as a matter of law, or in determining whether the findings are supported by any evidence of probative value, the reviewing court will give credence only to the evidence favorable to the findings, and will disregard all evidence to the contrary. * * *

"Generally, a reviewing court will not disturb implied findings in a nonjury case * * *." 4 Tex.Jur.2d 398, § 839.

"The power of the court of civil appeals in reviewing the fact findings of the trial court in a plea of privilege case is the same as in any other appealed case." 4 Tex.Jur.2d 405, § 840.

"The court, as trier of the facts, was, of course, the sole judge of the credibility of the witnesses and the weight to be given their testimony. * * * The court was not bound by testimony of any one witness but could accept all, part, or none thereof, or he could accept part of the testimony of one witness and part of another, or draw his own deductions from all the evidence." Denton v. Bennett, 364 S.W.2d 857, 858 (Tex.Civ.App., 1963, Ref. n. r. e.).

■ The testimony of an interested witness, even though uncontradicted, presents

only a fact issue to be determined by the factfinder who passes upon the credibility of the witness. James T. Taylor, etc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371 (1960). See also Houston E. and W. T. Ry. Co. v. Runnels, 92 Tex. 305, 47 S.W. 971, 972 (1898).

█ Reference is again made to 1 McDonald Texas Civil Practice, 434 (1965), § 4.10.2, supra, wherein the three venue facts under exception 4 are set out. The first of these has been established since it is undisputed that both Bird and Summers reside in the county of suit. Holding as we do that appellants have not established the fact of a bona fide claim against the resident defendant as is required by venue fact III renders unnecessary any discussion of venue fact II as to whether Gulf is a proper party to the claim against the resident defendants.

The appellants' contention that the trial court erred in sustaining Gulf's plea of privilege and in failing to hold that venue lies against it in Hood County, Texas, under exception 4, is overruled and the judgment of the trial court is affirmed.