Lloyd E. JARVIS, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY et al., Appellees.

No. 146.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Sept. 18, 1968.

Harry P. Jarvis, Houston, for appellant.

Jon Dee Lawrence, Will Sears, Sears & Burns, Houston, for appellees.

TUNKS, Chief Justice.

The plaintiff, Lloyd E. Jarvis, filed this suit in the District Court of Harris County, Texas, complaining of the defendants, Southwestern Bell Telephone Company, and its employee, John Fry. The petition alleges that the defendants attached a monitoring device known as a pen register to the plaintiff's telephone and used information obtained thereby as the basis for a criminal prosecution of plaintiff on a charge of harassing by telephone in violation of Art. 467, Vernon's Ann.P.C. Plaintiff was tried and was acquitted of the criminal charge. He seeks to recover $50,000.00 actual damages and $100,000.00 exemplary damages.

The defendant, Southwestern Bell Telephone Company, domiciled in Dallas County, Texas, and the defendant, Fry, a resident of Washington County, Texas, both filed pleas of privilege. In his controverting affidavit, plaintiff alleged, "* * * that the Defendants herein committed, within the meaning of exception 9 and 9a of Article 1995 of Vernon's Annotated Civil Statutes, Acts of Trespass and acts or omissions of negligence in Harris County, Texas where this suit has been filed." After a hearing of evidence before the court, the trial court sustained both pleas of privilege and plaintiff has appealed from that judgment.

The evidence showed that the defendant, Fry, was security supervisor for the defendant, Southwestern Bell. On November 17, 1965, he received a complaint from a woman to the effect that she was being harassed by telephone by the plaintiff. At the woman's request he placed a pen register on the line connecting the complainant's phone to the plaintiff's phone. The pen register did not record the conversations on the line, it merely recorded by perforations on a tape, the numbers dialed from the plaintiff's phone. This device was attached at 5:00 p.m. and removed at 10:00 p.m. During the time it was attached it recorded 47 occasions when the complaint's telephone number was dialed from the plaintiff's telephone. This information was given to the law enforcement officers and resulted in a criminal prosecution of plaintiff for violation of Art. 467, V.A.P.C. As noted above, the plaintiff was found not guilty of the charged offense.

Plaintiff's sole point of error is to the effect that the trial court erred in sustaining the pleas of privilege because the evidence showed that defendant had committed a trespass in Harris County, Texas, from which he, the plaintiff, had sustained damage and which trespass gave rise to the exception provided by subdivision 9 of Art. 1995. We overrule appellant's point of error and affirm the judgment of the trial court.

The appellant cites no authority as supporting his contention that the conduct of the defendant constituted a trespass. After setting out excerpts from the testimony appellant, in his brief, says:

"The Statement of Facts is replete with testimony by JOHN FRY that the telephone belonging to Appellant was tapped and Appellant's privacy invaded, thereby constituting a trespass in Harris County, Texas where this case is pending."

By no other language does he undertake to characterize the alleged "trespass."

■ The term "trespass" as used in subdivision 9 is given a broad construction and includes fact situations giving rise to a cause of action that, at common law, was historically known as "trespass on the case." Safeway Stores, Inc. v. Amburn, Tex.Civ.App., 380 S.W.2d 727, err. dismd. Wrongful interference with the use or the possession of property may constitute such a trespass. McDonald, Texas Civil Practice, Vol. 1, p. 471, Sec. 4.17.1. However, there is no evidence that the defendants here interfered with plaintiff's possession or use of any of his property. They did not go onto plaintiff's premises. The monitoring device was attached to wires in one of the central offices of the defendant, Southwestern Bell Telephone Company.

■ So far as the testimony showed, the only calls recorded by the pen register and revealed by defendants were calls from the plaintiff's telephone to that of the complainant. Such monitoring as was done of the calls to the complainant was at her request and, therefore, perfectly lawful. She, being a party to the only communications monitored, was authorized to permit other persons to listen in on them or otherwise monitor them. Rathbun v. United States, (U.S.Sup.Ct.), 355 U.S. 107, 78 S. Ct. 161, 2 L.Ed.2d 134.

■ Plaintiff's contention that the monitoring constituted a wrongful invasion of his privacy, is contrary to his own testimony. The pen register showed that during the five-hour period when it was connected, someone dialed the complainant's telephone number from appellant's phone 47 times. But appellant categorically denied that either he or anyone acting with his authority or consent did the dialing. If anyone's privacy was invaded by that monitoring, it was not, according to the plaintiff's own testimony, his privacy, but that of some unknown party who did the dialing.

■ The plaintiff's petition may be construed as alleging a cause of action based on malicious prosecution. Such offense constitutes a "crime, offense or trespass" within the meaning of subdivision 9. Compton v. Elliott, (Tex.Com.App.), 126 Tex. 232, 88 S.W.2d 91. But it certainly cannot be said that the evidence here shows, as a matter of law, that the defendant committed such offense. There is no point of error challenging the sufficiency of the evidence to support any finding implied by the trial court's judgment. The trial court's judgment implies a finding to the effect that the defendants were not guilty of the offense of malicious prosecution. We are bound by such implied finding. Compton v. Elliott, supra. Gray v. Gulf Oil Corp., Tex.Civ.App., 416 S.W.2d 875, no writ hist.; Miller v. Lochridge, Tex.Civ.App., 416 S.W.2d 573, no writ hist.

The judgment of the trial court is affirmed.