**MYERS COURTESY FORD, INC.,**
Appellant,

v.

**D. C. AVRITT, Appellee.**

**No. 4760.**

Court of Civil Appeals of Texas.

Waco.

Nov. 7, 1968.

**176**

G. Duffield Smith, McKnight, Van Meter & Dean, Dallas, for appellant.

Sisco & Sisco, McKinney, for appellee.

### OPINION

WILSON, Justice.

Defendant appeals from the order overruling its plea of privilege. Plaintiff sued for personal injury damages, alleging that defendant failed to properly repair and adjust the brakes on his truck, which rolled over plaintiff when the brakes failed.

The controverting plea asserted a part of plaintiff's cause of action accrued in the county of suit, and venue was sustainable under subdivisions 23 and 27 of Art. 1995, Vernon's Ann.Civ.Stat.

Plaintiff testified he took his truck to defendant to have the brakes repaired; that he was told the "brakes had been fixed." He drove to the county of suit, "locked the brakes" and got out of his truck, which then rolled over and injured him.

The evidence did not prove negligence and did not establish a cause of action as required to maintain venue under subds. 9, 9a, 23 and 27. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Jones v. Philco Distributors, Tex.Civ. App., 416 S.W.2d 611.

The judgment is reversed and judgment rendered that the cause be transferred to the District Court of Dallas County.