Helen CULLUM, Appellant,

v.

GOVERNMENT EMPLOYEES FINANCIAL
CORPORATION, Appellee.

No. 7641.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 21, 1974.

Rehearing Denied Dec. 12, 1974.

Dale E. Muller, Austin, for appellant.

Coleman Gay, Austin, for appellee.

DIES, Chief Justice.

Helen Cullum, plaintiff-appellant, and husband borrowed money from Government Employees Financial Corporation, defendant-appellee. On July 25, 1973, defendant wrote a letter to plaintiff's employer seeking assistance in collecting the debt. A copy of this letter is appended to this opinion.

Thereafter, plaintiff sued defendant for "invasion of her right of privacy." Trial was to a jury which answered all issues favorable to plaintiff. The trial court thereafter entered judgment non obstante veredicto for the defendant, from which plaintiff perfects this appeal.

Plaintiff's first point of error complains of the trial court's failure to grant plaintiff's motion for judgment based on the jury's answer to the special issues. Since we believe plaintiff failed to allege or prove a cause of action as alleged, it is unnecessary for us to discuss plaintiff's other points.

In 1973 the Texas Supreme Court—Billings v. Atkinson, 489 S.W.2d 858 (Tex. 1973)—established the right to maintain an action for an invasion of the right of privacy. This right was defined as "the right to be free from the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." (Page 859)

There plaintiff's telephone had been wiretapped.

We do not believe our Supreme Court meant to extend this doctrine to a situation such as we have here where one letter was sent to the employer which contained no inflammatory, humiliating, or misleading statement. No Texas case has ever—so far as our research reveals—so held. The following authorities support our position: Patton v. Jacobs, 118 Ind.App. 358, 78 N. E.2d 789 (1948); Lewis v. Physicians & Dentists Credit Bureau, 27 Wash.2d 267, 177 P.2d 896 (1947); Voneye v. Turner, 240 S.W.2d 588 (Ky.Ct.App.1951); Gouldman-Taber Pontiac v. Zerbst, 213 Ga. 682, 100 S.E.2d 881 (1957); Household Finance Corporation v. Bridge, 252 Md. 531, 250 A.2d 878 (1969).

The result which we reach is in accord with the view of the American Law Institute as expressed in Restatement (Second) of Torts §§ 652A–J (Tentative Draft No. 13, April 27, 1967). See also Vogel v. W. T. Grant Co., Pa., 327 A.2d 133 (1974); W. Prosser, The Law of Torts, § 117 at 804 (4th Ed. 1971).

**318**

In Vogel, supra, a disclosure of plaintiff's indebtedness to his employer and three relatives was held, as a matter of law, not to constitute publication under the authorities cited, and continued: "Without proof of publication, appellees have not established an actionable invasion of privacy." (327 A.2d p. 138). We follow the rationale of the Vogel Court.

Plaintiff's points of error are all overruled. The judgment of the trial court is affirmed.

## APPENDIX

GOVERNMENT EMPLOYEES Companies

Capital stock companies ≡ not affiliated with the ≡ U. S. Government

Affiliates of Government Employees Insurance Company of Washington D.C.

☐ Government Employees Corporation and Subsidiaries

☒ Government Employees Financial Corporation

GOVERNMENT EMPLOYEES FINANCIAL BUILDING
7551 WEST ALAMEDA AVENUE
DENVER, COLORADO 80217

Personnel Director
Walter Tips Company
200 Colorado
Austin, Texas

July 25, 1973

Re:   Account #2197957
      Mrs. Helen Cullum

Dear Sir:

Our corporation is the personal and education loan affiliate of Government Employees Insurance Company (GEICO) of Washington, D.C. GEICO and its affiliates provide low-cost, world-wide insurance and financing services for over two million individuals working in selected levels of government and private industry. The personal loan service offers our clientele the convenience of borrowing by mail without collateral and at low interest rates.

On November 13, 1972, Mrs. Helen Cullum acquired a loan in the amount of $520.80 from Government Employees Financial Corporation. The contract called for 12 equal monthly installments of $43.40 each, the first of which was due on December 15, 1972. At present, this finance account is seriously delinquent in the amount of $132.37 and payment has not been received since April 20, 1973. The present balance is $305.97.

Before we proceed with other action, we would appreciated it if you or a member of your staff would counsel this borrower regarding this delinquency. Please have the borrower fill out the enclosed financial statement in detail, indicating planned intentions for resolving this delinquency. If possible, we would like to have a definite plan for paying regularly until the account is in a current status or paid in full. This would enable us to mark our records accordingly and avoid additional correspondence regarding this delinquency.

PLAINTIFF'S EXHIBIT

APPENDIX—Continued

# GOVERNMENT EMPLOYEES

## Companies

Affiliates of Government Employees Insurance Company of Washington D.C.

Capital stock companies
not affiliated with the
U. S. Government

☐ Government Employees Corporation and Subsidiaries
☐ Government Employees Financial Corporation

GOVERNMENT EMPLOYEES FINANCIAL BUILDING
7551 WEST ALAMEDA AVENUE
DENVER, COLORADO 80217

Page 2                                    July 25, 1973

Would you please use our return, postage-paid envelope for your convenience in returning this letter to us with the borrower's comments, plus any which you may have. We are most grateful for your assistance and assure you of our willingness to cooperate to the fullest extent.

Very truly yours,

*D. R. Vancil*

D. R. Vancil
Collections Officer

cc:  Helen Cullum
     2403 South 6th
     Austin, TX    78704

01/07