Tom PALMATIER, Appellant,

v.

Angus BECK, Appellee.

No. 2–82–062–CV.

Court of Appeals of Texas, Fort Worth.

July 8, 1982.

Kelsey, Wood, Gregory, Duncan & Holt and R. William Wood, Denton, for appellant.

Costilla & Stapleton and Ed Stapleton, Brownsville, for appellee.

Before MASSEY, C. J., and JORDAN and SPURLOCK, JJ.

## OPINION

JORDAN, Justice.

Appellee Beck sued University State Bank (of Denton) and Tom Palmatier for alleged invasion of privacy. Palmatier filed plea of privilege to be sued in Dallas, his county of residence. The trial court overruled this plea and Palmatier appeals, contending that venue lies in Denton County under three exceptions to the Venue Statute, Sections 4, 9 and 9a of Article 1995, V.A.T.S.

We reverse and render.

Palmatier was the landlord of Beck's son, who owed rent to Palmatier. Angus Beck issued a check to Palmatier in payment of the rent in the amount of $310 drawn on appellee bank in Denton County. Palmatier, suspecting that the check would be dishonored by the bank, called the Bank, represented himself to be Angus Beck, the maker of the check, and was told the amount of money in Beck's bank account. Palmatier then deposited enough cash in Beck's account to make the check good and cashed it. Beck sues the bank and Palmatier for an unlawful invasion of privacy.

It was established at the venue hearing that the bank is a resident of Denton County, and although Palmatier at the time of the transaction in question was a resident of Denton County, he sometime thereafter moved to Dallas. At the time of the venue hearing he was a resident of Dallas County. Appellee Beck was the only witness at the venue hearing and there was no testimony that Palmatier resided at any place other than Dallas County.

Appellant's controverting plea asserts that venue is properly in Denton County under Article 1995(4), (9), and (9a).

Subdivision 4 of Article 1995 provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants

resides. Subdivision 9 permits any suit based upon a trespass to be brought in the county where such trespass was committed by the defendant. This subdivision does not apply to any suit based upon negligence per se or other types of negligence. Subdivision 9a states that a suit based upon any kind of negligence may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile.

By three points of error appellant contends that the trial court erred in overruling his plea of privilege to be sued in Dallas County because Beck neither pled nor proved facts to establish venue in Denton County under any of these three subdivisions. We agree and sustain all three points of error.

As to whether or not venue in Denton was established under either subdivisions 4, 9 or 9a, we first discuss whether there is in Texas any such cause of action as the one brought by Beck. There was no right of privacy at common law and the courts, prior to 1890, had not granted relief expressly for invasion of a right of privacy. A right "to be let alone" had been recognized "on the basis of defamation, or the invasion of some property right, or a breach of confidence or an implied contract." *Prosser*, Privacy, 48 Cal.L.Rev. 383.

However, the right of privacy is now generally recognized and a preponderance of authority supports the conclusion that, independent of the common law rights of property, contract, reputation and physical integrity, the right exists and an invasion of the right gives rise to a cause of action. *Billings v. Atkinson*, 489 S.W.2d 858 (Tex. 1973). See also 62 American Jur.2d, Privacy, § 4, p. 683. *Billings v. Atkinson*, held that an unwarranted invasion or the right of privacy constitutes a legal injury for which a remedy will be granted. That case also stands for the proposition that damages for mental suffering as a result of an invasion of privacy are recoverable without any showing of actual physical injury.

We have found no Texas case holding that there is any right of action for invasion of privacy under facts similar to those here presented. In the case of *Peterson v. Idaho First National Bank*, 83 Idaho 578, 367 P.2d 284, 92 A.L.R.2d 891 (1961), was upheld a trial court's dismissal for failure to state a cause of action a bank depositor's complaint against the bank, alleging that with malice and without authorization, a bank official revealed to the depositor's employer the fact that the depositor had written several "bad" checks. The Idaho Supreme Court, in *Peterson*, after discussing generally the right of privacy, said, in language important to our case: "Plaintiff makes no claim that the disclosure of the information contained in his account was made public, beyond that disclosed to his employer. In cases involving an analogous situation where creditors in over-zealous attempts to collect moneys due have written a person's employer, it is generally held that, absent communication to the public, no liability attaches. (Citing cases) . . . Plaintiff alleges no dissemination of the information obtained by the disclosure and also refuses to acknowledge that such invasion may have been justified under the claimed discretion of the bank manager. We, therefore, hold that plaintiff's complaint fails to state a claim upon which relief can be granted on the ground of invasion of his 'right of privacy.'"

We think the rationale of the *Peterson* case is applicable to the pleading and the evidence in this case. We note particularly that in this case there is no allegation or proof that either Palmatier or the bank revealed to anyone else the status of Beck's bank account.

Although the case of *Cullum v. Government Employees Financial Corp.*, 517 S.W.2d 317 (Tex.Civ.App.—Beaumont, 1974, ref. n. r. e.) does not involve intrusion into a person's banking affairs, we think its holding has some application here. In *Cullum* it was held that a creditor's writing of a letter to the debtor's employer seeking assistance in collecting a debt did not give the debtor a cause of action for invasion of her right of privacy. In referring to *Billings v. Atkinson, supra*, the court in *Cullum* said: "We

do not believe our Supreme Court meant to extend this doctrine to a situation such as we have here where one letter was sent to the employer which contained no inflammatory, humiliating, or misleading statement. . . . The result which we reach is in accord with the view of the American Law Institute as expressed in Restatement (Second) of Torts §§ 652A–J (Tentative Draft No. 13, April 27, 1967)."

■ We therefore hold that at least under these facts, Beck had no cause of action against either Palmatier or the bank. We nevertheless proceed to review the venue proof offered by appellee Beck under the true exceptions to the venue statute to show, that even if there was a cause of action under these basic facts, Beck failed to establish venue as to Palmatier in Denton County.

Bearing in mind the law pertinent to this plea of privilege case, we now turn to the pleadings and the evidence adduced at the plea of privilege hearing, to determine whether Beck established venue under subdivisions 4, 9 or 9a of Article 1995, V.A.T.S. Our conclusion is that he failed to do so.

■ Beck's cause of action against both the bank and Palmatier was based on the tort of invasion or privacy. Before Beck could establish venue in Denton County as to Palmatier under subdivision 4, he would have to plead and prove a cause of action against the resident appellee bank, and would have to prove every necessary element of a cause of action against the bank. *Gray v. Gulf Oil Corporation*, 416 S.W.2d 875 (Tex.Civ.App.—Fort Worth, 1967, no writ); *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936).

■ We think appellee Beck failed in each instance. He neither pled nor proved a cause of action against the bank. The only evidence as to the bank's actions reflect that Palmatier allegedly called the bank, identifying himself as Beck, and inquired as to Beck's balance in his account. He was given the balance in Beck's account by a teller or some employee of the bank. However, there is absolutely no evidence of any negligent act or omission on the part of the bank. There is no evidence that the bank's action in responding to an apparent customer's request for his bank balance was negligent or wrongful in any respect, or that the response of the bank was given by an employee acting within the scope and course of his or her employment. Moreover, there is no evidence that any negligence of a bank employee was the proximate cause of any damages suffered by Beck. Such a showing is required. *Mobley v. Mobil Oil Co., Sub. or D. of Socony-Mobil O. Co.*, 431 S.W.2d 942 (Tex.Civ.App.—Beaumont, 1968, error dism'd.).

No questions were asked and no evidence at all was introduced as to any damages proximately caused by any acts of the resident bank. Beck totally failed to prove a cause of action against the resident bank and thus failed to sustain venue as to Palmatier in Denton County, under subdivision 4 of Article 1995.

■ In order to maintain venue in Denton County under subdivision 9, it was necessary that Beck establish by a preponderance of the evidence that Palmatier committed a trespass in Denton County, and that such trespass was a willful or intentional wrong. *Socony Mobil Co., Inc. v. Southwestern Bell Tel. Co.*, 518 S.W.2d 257 (Tex.Civ.App.—Corpus Christi, 1974, no writ). There was no evidence whatever introduced at the plea of privilege hearing to establish that any alleged acts of Palmatier were willful or intentional. The only evidence at this hearing was introduced by Beck himself, who certainly could not testify as to Palmatier's mental state. It has been held that were evidence relied upon by a plaintiff to show a trespass was his own testimony it could not conclusively establish trespass for venue purposes but could only raise a fact issue. *Holt v. City of Lubbock*, 390 S.W.2d 500 (Tex.Civ.App.—Eastland, 1965, no writ).

■ With respect to subdivision 9a, the negligence exception to Article 1995, again we find no evidence to maintain venue in Denton County under this exception. Un-

der this exception it was necessary for Beck to plead and prove negligence committed by Palmatier in Denton County which proximately caused injury to Beck. Beck did not even plead negligence against Palmatier. He pled only a cause of action for alleged intentional, wanton and willful acts. Neither did he introduce any evidence that Palmatier committed any act of negligence, whether of commission or omission, in Denton County which proximately caused damages to Beck.

We hold that appellee Beck did not plead or show by any evidence facts necessary to maintain venue in Denton County under either subdivisions 4, 9 or 9a of Article 1995.

The judgment is accordingly reversed and rendered with instruction to transfer the cause against Palmatier to a district court of Dallas County.